## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN JAMES HOWARD,<br>Citizens Bank Park<br>One Citizens Bank Way<br>Philadelphia, PA 19148,<br><br>Plaintiff,<br><br>v.<br><br>AL JAZEERA AMERICA, LLC, AL JAZEERA<br>MEDIA NETWORK,  AL JAZEERA<br>INTERNATIONAL (USA) INC.,  LIAM JAMES<br>COLLINS, and DEBORAH DAVIES,<br><br>Defendants. | Civil Action No. 16-cv-00013-KBJ<br><br><br>**ANSWER** |

Defendants Al Jazeera Media Network ("AJMN"), Al Jazeera International (USA) LLC (formerly known as Al Jazeera International (USA), Inc.) ("AJI USA"), Al Jazeera America, LLC ("AJAM"), and Deborah Davies (collectively, "Defendants"), by and through their attorneys, DLA Piper LLP (US), hereby respond to the First Amended Complaint (the "Amended Complaint") filed by Plaintiff Ryan James Howard ("Plaintiff") as follows:

### ANSWER AS TO "NATURE OF THE ACTION"

1.      Deny the allegations contained in Paragraph 1 of the Amended Complaint.

### ANSWER AS TO "THE PARTIES"

2.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3.      Admit that AJAM is a Delaware limited liability company with a headquarters and principal place of business at 435 Hudson Street, New York, New York 10014; admit that, until it ceased broadcasting operations for AJMN on April 12, 2016, AJAM was a U.S.-based

news channel that provided both domestic and international news coverage for its American audiences; admit that it was headquartered in New York City; and admit that it was available in the U.S. across major television providers, including DirecTV, Comcast/Xfinity, Time Warner Cable, DISH Network, AT&T U-Verse, Verizon FiOS, and Bright House Networks; but deny that such facts are true now.  Except as so admitted and denied, deny the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Admit that AJI USA is a Delaware limited liability corporation with its principal place of business at 1200 New Hampshire Avenue, N.W., Washington D.C. 20036, and that AJI USA was formerly Al Jazeera International (USA) Inc., which commenced operating in 2005. Except as so admitted, deny the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Admit that AJMN is a private utility company for public benefit organized under the laws of the State of Qatar; admit that AJMN is the ultimate parent company of AJI USA and AJAM, as well as other entities not parties to this action; and admit that AJMN is headquartered in Doha, Qatar.  Except as so admitted, deny the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Admit that AJMN and AJI USA maintain an Investigative Unit ("Al Jazeera Investigative Unit"), and that employees of the Investigative Unit maintained by AJI USA are based in AJI USA's offices at 1200 New Hampshire Avenue, NW, Washington, D.C. 20036; admit that the Al Jazeera Investigative Unit produces investigative news and documentary stories that have been and are disseminated through AJMN media subsidiaries, including AJAM when AJAM was broadcasting; admit that members of the Al Jazeera Investigative Unit ultimately report to two AJMN employees; refer to Exhibits A and B to the Amended Complaint for the

true contents thereof and deny Plaintiff's characterization thereof.  Except as so admitted and referred, deny the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Admit that Deborah Davies is a member of the Al Jazeera Investigative Unit, that she is a citizen and domiciliary of the United Kingdom, and that she is employed by AJI USA. Except as so admitted, deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      No response is required to the allegations of Paragraph 8 because Liam James Collins ("Collins") has been dismissed as a defendant in this action.  To the extent that a response is required, aver that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

## ANSWER AS TO "JURISDICTION AND VENUE"

9.      Deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.     Deny the allegations contained in Paragraph 11 of the Amended Complaint.

12.     No response is required to the allegations contained in Paragraph 12 of the Amended Complaint because Collins has been dismissed as a defendant in this action and personal jurisdiction over him is no longer a relevant issue.  To the extent a response is required, aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Deny the allegations contained in Paragraph 13 of the Amended Complaint.

## ANSWER AS TO "FACTUAL BACKGROUND"

### *Answer as to "Plaintiff Ryan James Howard"*

14.     Admit, upon information and belief, that Plaintiff is a prominent sportsman and celebrity and a "public figure" for purposes of the claims alleged in the Amended Complaint.

Except as so admitted, aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

22.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

### *Answer as to "The Al Jazeera Defendants"*

28.     Admit that AJMN is funded by the government of Qatar and that AJMN is Qatar-based; and admit that AJMN was originally launched in 1996 as an Arabic-language cable channel named the Qatari Satellite Channel General Corporation, which has since become AJMN and has expanded into a multi-channel network.   Except as so admitted, deny the allegations in Paragraph 28 of the Amended Complaint.

29.     Admit that that a subsidiary of AJMN acquired Current TV in 2013; and, except as so admitted, deny the remaining allegations contained in the first sentence of Paragraph 29 of the Amended Complaint; and refer to Exhibit C of the Amended Complaint for the true contents thereof and deny Plaintiff's characterization of said Exhibit.   Except as so admitted, referred and denied, deny the remaining allegations contained in Paragraph 9 of the Amended Complaint.

30.     Refer to Exhibits D and E to the Amended Complaint for the true contents thereof; deny Plaintiff's characterization of said Exhibits; and admit that Ehab Al Shihabi resigned as CEO of AJAM.   Except as so admitted, referred and denied, deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Refer to Exhibits F and G to the Amended Complaint for the true contents thereof; and deny Plaintiff's characterization of said Exhibits.  Except as so referred and denied, deny the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Refer to Exhibit E to the Amended Complaint for the true contents thereof; deny Plaintiff's characterization of said Exhibit; and admit that Al Anstey succeeded Ehab Al Shihabi as CEO of AJAM.  Except as so admitted, referred and denied, deny the allegations in Paragraph 29 of the Amended Complaint.

33.     Admit that David W. Harleston was suspended as AJAM's general counsel in November 2015; refer to Exhibit H to the Amended Complaint for the true contents thereof; and deny Plaintiff's characterization of said Exhibit.  Except as so admitted, referred and denied, deny the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Admit the allegations contained in the first sentence of Paragraph 34 of the Amended Complaint; admit that Al Anstey issued a memorandum to AJAM staff when the announcement that AJAM would cease operations was made, and refer to said memorandum for the true contents thereof; refer to Exhibit I to the Amended Complaint for the true contents thereof; and deny Plaintiff's characterization of said Exhibit.  Except as so admitted, referred and denied, deny the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Admit that the Al Jazeera Investigative Unit has continued to function after AJAM ceased broadcasting operations; admit that the members of the Al Jazeera Investigative Unit ultimately report to two AJMN employees; refer to Exhibit A to the Amended Complaint for the true contents thereof; and deny Plaintiff's characterization of said Exhibit.  Except as so admitted, referred and denied, deny the allegations contained in Paragraph 35 of the Amended Complaint.

*__Answer as to "Defendant Deborah Davies"__*

36.     Admit that  Deborah Davies is a citizen of the United Kingdom, that she was at all relevant times based in Washington, D.C. and working for the Al Jazeera Investigative Unit; and admit that she was one of the reporters on, and provided the narration for, the documentary "The Dark Side: Secrets of the Sports Dopers" (the "Documentary").  Except as so admitted, deny the allegations contained in Paragraph 36 of the Amended Complaint.

*__Answer as to "Defendant Liam James Collins"__*

37.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Refer to Exhibit J to the Amended Complaint for the true contents thereof and deny Plaintiff's characterization of said Exhibit; and, except as so referred and denied, aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39.     Refer to Exhibit K to the Amended Complaint for the true contents thereof and deny Plaintiff's characterization of said Exhibit; and, except as so referred and denied, aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended Complaint.

*__Answer as to "The Dark Side"__*

40.     Admit that, starting at on or about 9:00 p.m. on December 27, 2015, AJAM broadcast the Documentary on the Al Jazeera America network; cannot admit or deny that Exhibit L is a true copy of the Documentary as the same is not attached to the Amended Complaint and has not been made available to Defendants; admit that on or about December 27, 2015, AJMN posted to the www.aljazeera.com website a news article concerning the

Documentary (the "Article"); deny that Exhibit M to the Amended Complaint is a true copy of the Article as originally posted; admit that Exhibit M is a printout of a corrected version of the Article that was posted to the www.aljazeera.com website on or about December 28, 2015; refer to the actual Article for the true contents thereof; and deny Plaintiff's characterization of the Article and the Documentary.  Except as so admitted, referred and denied, deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Admit that on or about December 26, 2015, the Al Jazeera Investigative Unit sent to the Huffington Post a Vimeo link to the Documentary; admit that by a separate communication that same day, the Al Jazeera Investigative Unit sent to the Huffington Post a YouTube link to a promotional trailer for the Documentary, as well as an email from Charles Sly to the Al Jazeera Investigative Unit, which contained a statement and a video from Mr. Sly (the "Sly Video"); admit, upon information and belief, that The Huffington Post published an article on the Documentary on or about December 26, 2015 with an embedded link to the Sly Video, and subsequently, on or about December 27, 2015, embedded a YouTube link to the Documentary in the same article; and refer to said article for the true contents thereof.  Except as so admitted, deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Admit that the following statement is made in voiceover commentary in the Documentary: "Liam's now back on track—in every way. Competing again—and looking for new challenges.  So we had a proposal, help us to investigate doping in sport. He's perfectly placed to go undercover, by claiming to be an athlete desperate to qualify for the Rio Olympics"; and aver that Plaintiff's redacted version of the actual commentary is misleading and inaccurate. Except as so admitted and averred, deny the allegations in Paragraph 42 of the Amended Complaint.

43.     Admit, upon information and belief, that Collins did not have reporting training or experience before his work on the Documentary; admit that he worked with the Al Jazeera Investigative Unit in order to investigate the activity of suppliers of performance-enhancing substances ("PES") to athletes; admit that to further this investigative report, and because such suppliers would not talk directly to reporters about their illegal or questionable activities, the Al Jazeera Investigative Unit suggested, and Collins agreed, to approach persons believed to be suppliers with an untrue cover story that he was an athlete attempting to compete in the upcoming Olympic Games and needed access to PES; admit that he recorded discussions in the Bahamas and Canada with numerous individuals regarding their ability, and the ability of others, to supply PES; deny that he induced such individuals to speak about PES; admit that such discussions included certain individuals supplying Collins with what was believed to be PES, or explaining how he could obtain PES; and admit that many of these encounters were recorded with hidden cameras, hidden audio recording devices, or both.  Except as so admitted and denied, deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Admit that much of the air time of the Documentary deals with Collins's interactions with Charles Sly ("Sly") in Texas; admit that the commentary in the Documentary states that Sly is a "doctor of pharmacy"; deny that said statement was false; and aver, upon information and belief, that Sly received a doctorate degree in pharmacy from Roseman University of Health and Sciences in 2013.  Except as so admitted, denied, and averred, deny the allegations contained in Paragraph 44 of the Amended Complaint.

***Answer as to "The Defamatory Statements Contained in 'The Dark Side' and the Accompanying Print Article***

45.     Admit that the images and statements alleged in Paragraph 45 of the Amended Complaint are shown in the Documentary or are contained in voiceover commentary within the

Documentary; cannot admit or deny that said images and statements appear in Exhibit L as the same has not been made available to Defendants; and deny Plaintiff's characterization of Sly's statements as being "part of his sales pitch to Collins."  Except as so admitted and denied, deny the allegations in Paragraph 45 of the Amended Complaint.

46.     Admit that in the Documentary, Collins and Sly are shown in a car while driving in Texas; admit that the quotation appearing in Paragraph 46 of the Amended Complaint is part of Davies's voiceover commentary in the Documentary, but cannot admit or deny that said images and statements appear in Exhibit L as the same has not been made available to Defendants.  Except as so admitted and denied, deny the allegations contained in Paragraph 46 of the Amended Complaint.

47.     Admit that the images and recorded statements alleged in Paragraph 47 of the Amended Complaint appear in the Documentary, but cannot admit or deny that said images and statements appear in Exhibit L as the same has not been made available to Defendants.  Except as so admitted, deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Deny that the allegations contained in Paragraph 48 are relevant in light of the Court's dismissal of Plaintiff's claims involving the Article.  To the extent that a response to Paragraph 48 is required, admit that the original text of the Article inadvertently and incorrectly mentioned Plaintiff in connection with human growth hormone; and aver that, as reflected in Exhibit M, this error was corrected by AJMN on or about December 28, 2015, and that an editor's note was posted to the Article noting the correction of the error, and refer to the corrected Article for the true contents thereof.

49.     Deny that the allegations contained in Paragraph 49 are relevant in light of the Court's dismissal of Plaintiff's claims involving the Article.  To the extent that a response to

Paragraph 46 is required, admit that, as reflected in Exhibit M, an inadvertent error in the original text of the Article was corrected by AJMN on or about December 28, 2015, and that an editor's note was posted to the Article noting the correction of the error, and refer to the corrected Article for the true contents thereof.

50.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Deny the allegations contained in Paragraph 52 of the Amended Complaint.

**_Answer as to "Defendants Recklessly Disregard All Indicators of Lack of Veracity"_**

53.     Deny that Mr. Howard first learned that Al Jazeera planned to run the Documentary on December 9, 2015; aver that on or about 2:39 p.m. on December 4, 2015, Deborah Davies, on behalf of the Al Jazeera Investigative Team, e-mailed a letter to Plaintiff's agent, Brodie Van Wagenen of Creative Artists Agency, in which Plaintiff was informed that a source had made statements about him and that these statements might be used in an upcoming Al Jazeera documentary, and invited him to comment no later than December 14, 2015, ten days from the date of the letter; aver that on or about December 4, 2015, Deborah Davies, on behalf of the Al Jazeera Investigative Team, mailed the same letter to Plaintiff care of Mr. Van Wagenen via USPS Certified Mail; aver that the Certified Mail receipt shows accepted delivery of the letter to Mr. Van Wegenen on or about 2:32 pm on December 7, 2015;  and aver that Plaintiff did not personally respond to either the e-mail or the certified letter; admit that, on or about December 18, 2015, counsel for Plaintiff sent Robert Corn-Revere, as counsel for Defendants, an e-mail; admit that Exhibit O to the Amended Complaint is a true copy of said e-mail; refer to said e-mail for the true contents thereof; deny Plaintiff's characterizations of said e-mail; and

aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertions contained in the e-mail or as repeated or paraphrased in Paragraph 53 of the Amended Complaint.  Except as so admitted and averred, deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Admit that, on or about December 23, 2015, counsel for Plaintiff sent Mr. Corn-Revere a letter; admit that Exhibit P is a true copy of said letter; refer to said letter for the true contents thereof; aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual assertions; and deny the legal assertions, contained in the e-mail or as repeated or paraphrased in Paragraph 54 of the Amended Complaint.  Except as so admitted, averred and denied, deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 55 of the Amended Complaint; admit that, on or about December 26, 2015, counsel for Plaintiff sent Mr. Corn-Revere a letter; admit that Exhibit Q is a true copy of said letter; refer to said letter for the true contents thereof; deny Plaintiff's characterizations of said letter; admit that Defendants received an e-mail from Sly prior to receiving said letter; deny the Plaintiff's characterizations of that e-mail and refer to the e-mail for the true contents thereof; and deny the factual and legal assertions made in Exhibit Q and as repeated or paraphrased in Paragraph 55 of the Amended Complaint.  Except as so admitted, referred and denied, deny the allegations contained in Paragraph 55 of the Amended Complaint.

56.     Admit that on or about December 26, 2015, the Al Jazeera Investigative Unit sent to the Huffington Post a Vimeo link of the Documentary; admit that, by a separate communication that same day, the Al Jazeera Investigative Unit sent to the Huffington Post a

YouTube link to a promotional trailer for the Documentary as well as an email from Charles Sly to the Al Jazeera Investigative Unit which included a statement from Sly as well as the Sly Video; admit that on or about December 27, 2015 the Al Jazeera Investigative Unit sent to the Huffington Post a YouTube link to the Documentary; admit, upon information and belief, that on or about December 26, 2015, The Huffington Post published an article on the Documentary with an embedded link to the Sly Video, and subsequently, on or about December 27, 2015, embedded a link to the Documentary in the same article; refer to said article for the true contents thereof; admit that Exhibit N appears to be a printout of The Huffington Post article, but cannot verify whether Exhibit N is a true copy of the article because the embedded links within the actual article cannot be accessed through Exhibit N; and cannot admit or deny whether Exhibit R is a true copy of the Sly Video because the same has not been made available to Defendants and is not attached to the Amended Complaint.  Except as admitted, referred and denied, deny the allegations contained in Paragraph 56 of the amended Complaint.

57.     Admit that Sly spoke the words quoted in the first sentence of Paragraph 54 of the Amended Complaint in the Sly Video; deny the truth of Sly's quoted words; refer to The Huffington Post article for the true contents thereof; and deny that Defendants failed to make a subsequent statement by Sly public.  Except as so admitted, referred and denied, deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Deny the allegations contained in the first two sentences of Paragraph 59 of the Amended Complaint; admit, upon information and belief, that on or about December 27, 2015, The New York Times published a sports opinion article titled "Claims of Peyton Manning H.G.H. Use Raise Nagging Questions"; admit that Exhibit O appears to be a printout of the

Internet version of that article; refer to the article itself for the true contents thereof; deny the relevance of the article, and deny Plaintiff's selective use and characterization of the article, as the article actually suggests that the reporting of the Documentary and Sly's statements as shown in the Documentary are credible. Except as so admitted, referred and denied, deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Deny the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Deny that the Documentary claimed that Sly was licensed in Indiana in 2011 as a doctor of pharmacy or as a pharmacist; deny that the Documentary claimed that Sly was an employee of the Guyer Institute; aver that the only statement made in the Documentary with regard to Sly and the Guyer Institute is that "Charlie Sly worked in their pharmacy in 2011," which is a true statement that was verified by Defendants prior to publication of the documentary, and Sly's recorded statement that "I did part of my training at the Guyer Institute," is consistent with the statement quoted from Davies in paragraph 61 of the Amended Complaint; lack information sufficient to form a belief as to the truth of the information appearing in Exhibit T, but aver that if said information is true, it is not inconsistent with anything appearing in the Documentary; admit that on or about December 29, 2017, Davies was interviewed on the Today Show and that she made the statement quoted in Paragraph 61 of the Amended Complaint; deny Plaintiff's characterization of that statement; and cannot admit or deny whether Exhibit U is a true copy of the referenced segment on the Today Show because the same has not been made available to Defendants and is not attached to the Amended Complaint.  Except as so admitted, denied, and averred, deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Deny the relevance of the allegations contained in Paragraph 62 of the Amended Complaint, as the Court has dismissed Plaintiff's claims regarding the Article.  To the extent

such allegations are deemed relevant, incorporate by reference the admissions, denials, and averments of Paragraphs 48 and 49 of this Answer.  Except so admitted, denied and averred, deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.    Admit that on or about December 27, 2015, Ms. Davies was interviewed on Al Jazeera America; refer to said interview for the statements that she made therein; and cannot admit or deny whether Exhibit V is a true copy of that interview because the same has not been made available to Defendants and is not attached to the Amended Complaint.  Except as so admitted and referred, deny the allegations in Paragraph 63 of the Amended Complaint.

64.    Admit that the Documentary was broadcast on Al Jazeera America or about 9:00 p.m. EST on December 27, 2015; admit that "The Dark Side" documentary remains available for viewing on the Internet; and admit that Defendants have not retracted any statements in the Documentary.  Except as so admitted, deny the allegations contained in Paragraph 64 of the Amended Complaint.

65.    Admit that Defendants promoted "The Dark Side" following its broadcast on or about December 27, 2015; admit that interviews of Davies by reporters about the Documentary were posted to the www.aljazeera.com website and that Davies was interviewed about the Documentary on the Today Show on or about December 29, 2015; and admit that, for a period of time, Defendants sought to promote the Documentary to other news outlets and publications, including The Huffington Post.  Except as so admitted, deny the allegations contained in Paragraph 65 of the Amended Complaint.

66.    Admit that, on or about December 28, 2015, counsel for Plaintiff sent Mr. Corn-Revere a letter; refer to said letter for the true contents thereof; deny the factual and legal assertions in said letter; deny Plaintiff's characterization of said letter; admit that Mr. Corn-

Revere sent a responsive letter on or about December 30, 2015; refer to said letter for the true contents thereof; and admit that Defendants have refused to retract the statements in the Documentary.  Except as so admitted, referred and denied, deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Deny the allegations contained in Paragraph 67 of the Amended Complaint.

*__Answers as to "Impact of the Defamatory Statements"__*

68.     Deny the allegations contained in Paragraph 68 of the Amended Complaint.

## ANSWER AS TO "COUNT ONE: LIBEL"
### (Against All Defendants)"

69.     Defendants incorporate by reference the admissions, denials, and averments of Paragraphs 1 through 68 of this Answer as though set forth herein.

70.     Deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Deny the allegations contained in Paragraph 71 of the Amended Complaint.

72.     Deny the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Deny the allegations contained in Paragraph 76 of the Amended Complaint, including its subparts.

77.     Deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Deny the allegations contained in Paragraph 79 of the Amended Complaint.

### ANSWER AS TO "COUNT TWO: FALSE LIGHT INVASION OF PRIVACY
### (Against All Defendants)"

80.     Defendants incorporate by reference the admissions, denials and averments of Paragraphs 1 through 79 of this Answer as though fully set forth herein.

81.     Deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Deny the allegations contained in Paragraph 87 of the Amended Complaint, including its subparts.

88.     Deny the allegations contained in Paragraph 88 of the Amended Complaint.

89.     Deny the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Deny the allegations contained in Paragraph 90 of the Amended Complaint

### ANSWER AS TO "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to relief of any kind, whether equitable or monetary, including the relief sought in the "wherefore" clause and its subparts.

### DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Some or all of the statements alleged in the Amended Complaint to be defamatory or to place Plaintiff in a false light are non-actionable opinion protected by the First and Fourteenth Amendments to the United States Constitution, applicable state constitutional protections, and applicable common law.

## THIRD DEFENSE

Some or all of the statements alleged in the Amended Complaint to be defamatory or to place Plaintiff in a false light are true or substantially true, and are therefore protected by the First and Fourteenth Amendments to the United States Constitution, applicable state constitutional protections, and applicable common law.

## FOURTH DEFENSE

The statements alleged in the Amended Complaint to be defamatory or to place Plaintiff in a false light are statements made by Charles Sly and reported by Defendants, acting as journalists, which Defendants have not adopted, and Defendants are therefore not liable for said statements.

## FIFTH DEFENSE

The statements alleged in the Amended Complaint to be defamatory or to place Plaintiff in a false light are not actionable because Plaintiff is a public figure, and the statements were not published by Defendants with actual malice.

## SIXTH DEFENSE

The statements alleged in the Amended Complaint to be defamatory or to place Plaintiff in a false light were not published with the degree of fault required by law.

## SEVENTH DEFENSE

The statements alleged in the Amended Complaint to be defamatory or to place Plaintiff in a false light were published with privilege under applicable law.

## EIGHTH DEFENSE

The statements alleged in the Amended Complaint to be defamatory or to place Plaintiff in a false light are not defamatory *per se*, and Plaintiff has not alleged or suffered special damages.

## NINTH DEFENSE

Plaintiff has not suffered any actual damages proximately caused by the publication of the statements alleged in the Amended Complaint.

## TENTH DEFENSE

Plaintiff may not recover punitive damages because (a) the statements alleged in the Amended Complaint to be defamatory or to place Plaintiff in a false light were not published with actual malice, and (b) because an award of punitive damages would violate Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and applicable state constitutional protections.

## ELEVENTH DEFENSE

Defendants reserve the right to amend this Answer to assert additional Defenses if the same become available or apparent to Defendants as a result of pleading or discovery in this action.

WHEREFORE, Defendants respectfully request that the Court:

A.      Dismiss the Amended Complaint in its entirety, with prejudice;

B. Deny each and every demand and request for relief contained in the Amended Complaint;

C. Award Defendants their costs and reasonable attorneys' fees; and

D. Award Defendants such other and further relief as the Court deems just and proper.

Dated:  April 21, 2017

        Respectfully submitted,


        /s/ *Andrew L. Deutsch*
        Anthony Gill
        DLA PIPER LLP
        500 Eighth Street, NW
        Washington, D.C. 20004\
        Office: (202) 799-4562
        Fax: (202) 799-5562
        anthony.gill@dlapiper.com

        Andrew L. Deutsch *(admitted pro hac vice)*
        Rachel Stevens *(admitted pro hac vice)*
        DLA PIPER LLP
        1251 Avenue of the Americas
        New York, NY 10020
        Office: (212) 335-4500
        Fax: (212) 335-4501
        andrew.deutsch@dlapiper.com
        rachel.stevens@dlapiper.com

        Charles Scheeler
        DLA PIPER LLP
        The Marbury Building
        6225 Smith Avenue
        Baltimore, MD 21209-3600
        Phone: (410) 580-3000
        Fax: (410) 580-3001
        charles.scheeler@dlapiper.com

        *Counsel for Al Jazeera America, LLC,*
        *Al Jazeera Media Network, Al Jazeera*
        *International (USA), Inc., and*
        *Deborah Davies*