**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RYAN W. ZIMMERMAN, *et al*.,

      Plaintiffs,

v.

AL JAZEERA AMERICA, LLC, *et al*.,

      Defendants.

Case Nos. 1:16-cv-13-KBJ

1:16-cv-14-KBJ

## MEET AND CONFER STATEMENT

Plaintiffs Ryan Zimmerman and Ryan Howard ("Plaintiffs"), together with Defendants Al Jazeera America, LLC ("AJA"), Al Jazeera Media Network ("AJMN"), Al Jazeera International (USA), Inc. ("AJI"), and Deborah Davies ("Davies") (collectively, the "Defendants") (Defendants and Plaintiffs, collectively, the "Parties"), respectfully submit this Joint Report to update the Court on the Parties' discussions following the meet and confer held on May 17, 2017.

## I.        Statement of the Case and Statutory Basis for Causes of Action and Defenses

Plaintiffs have brought this diversity action against Defendants raising two claims, defamation and false light, arising from statements published by Defendants on or around December 27, 2015, in a documentary called *The Dark Side*.  Plaintiffs' claims are based on applicable common law.

Defendants have raised various affirmative defenses, including that (i) the Amended Complaints fail to state a claim against Defendants upon which relief can be granted; (ii) some or all of the statements alleged in the Amended Complaints to be defamatory or to place Plaintiffs

in a false light are non-actionable opinion protected by the First and Fourteenth Amendments to the United States Constitution, applicable state constitutional protections, and applicable common law; (iii) some or all of the statements alleged in the Amended Complaints to be defamatory or to place Plaintiffs in a false light are true or substantially true, and are therefore protected by the First and Fourteenth Amendments to the United States Constitution, applicable state constitutional protections, and applicable common law; (iv) the statements alleged in the Amended Complaints to be defamatory or to place Plaintiffs in a false light are statements made by Charles Sly and reported by Defendants, acting as journalists, which Defendants have not adopted, and Defendants are therefore not liable for said statements; (v) the statements alleged in the Amended Complaints to be defamatory or to place Plaintiffs in a false light are not actionable because Plaintiffs are  public figures, and the statements were not published by Defendants with actual malice; (vi) the statements alleged in the Amended Complaint to be defamatory or to place Plaintiffs in a false light were not published with the degree of fault required by law; (vii) the statements alleged in the Amended Complaint to be defamatory or to place Plaintiffs in a false light were published with privilege under applicable law; (viii) the statements alleged in the Amended Complaints to be defamatory or to place Plaintiffs in a false light are not defamatory *per se*, and Plaintiffs have not alleged or suffered special damages; (ix) Plaintiffs have not suffered any actual damages proximately caused by the publication of the statements alleged in the Amended Complaints; and (x) Plaintiffs may not recover punitive damages because (a) the statements alleged in the Amended Complaints to be defamatory or to place Plaintiffs in a false light were not published with actual malice, and (b) because an award of punitive damages would violate Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and applicable state constitutional protections.   Defendants' defenses are

based on (a) the United States Constitution, (b) applicable state constitutions, if any, and (c) applicable common law.

In accordance with Federal Rule 26(f)(3) and Local Rule 16.3(c), the Parties state as follows:

II.    **Detailed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3):**

A. No changes to the form or requirement for initial disclosures are necessary. Proposed date for exchanging initial disclosures is included in the Proposed Scheduling Order. *See* Exhibit A.

B. Plaintiffs anticipate seeking discovery on at least the following subjects:

a. Defendants' corporate structure.

b. Documents and communications pertaining to the creation, preparation, drafting, production, airing, editing, and/or publication of The Dark Side.

c. All video footage and audio recordings made during the creation of The Dark Side.

d. Documents concerning Defendants' sources of the Defamatory Publications and any communications therewith.

e. Documents and communications that refer or relate to Sly, Collins, Howard, Zimmerman, and any other individual or entity named or mentioned in *The Dark Side*

f. ·Documents and communications concerning Defendants' financial condition.

g. Documents and communications concerning Al Jazeera America's ratings.

h. Documents and communications concerning Defendants' attempts to promote *The Dark Side.*

i. Documents and communications that refer or relate to Davies' statements' made in *The Dark Side*.

j. Documents and Communications that refer or relate to the truth or falsity of the statements in *The Dark Side*.

k. Personnel files for Collins or Davies.

l. Communications between Defendants, on the one hand, and Sly or Collins, on the other.

m. Documents and communications that refer or relate to Defendants' efforts to verify, investigate, or corroborate the statements in *The Dark Side*.

n. Documents and communications that concern whether Defendants acted with actual malice.

o. Documents and communications concerning Defendants' reaction and response to Sly's written and video statements retracting his claims regarding Zimmerman and Howard

p. Documents and communications concerning Defendants' reaction and response to Dale Guyer's public statements denying the allegations in *The Dark Side*.

Defendants anticipate seeking discovery on at least the following subjects:

a. Plaintiffs' allegations that they have never used or tested positive for any performance enhancing drugs ("PEDs"), including but not limited to all history of testing by Major League Baseball ("MLB") for PEDs, and any Therapeutic Use Exceptions granted to Plaintiffs by MLB;

b. Plaintiffs' current medical status, as determined through existing records and an independent medical examination;

c.  Plaintiffs' acquisition and/or purchase of PEDs;

d.  Inspection and imaging of Plaintiffs' cell phones and other personal electronic devices;

e.  Plaintiffs' medical records, contracts and personnel records maintained by the Plaintiffs' employers and former employers, including but not limited to the Washington Nationals (as to Plaintiff Zimmerman) and the Philadelphia Phillies and Atlanta Braves (as to Plaintiff Howard);

f.  Plaintiffs' relationship and communications with Charles David Sly ("Sly"), including but not limited to any communications between Sly and anyone related to or acting on behalf of Plaintiffs;

g.  Plaintiffs' allegations that statements in *The Dark Side: Secrets of the Sports Dopers* (the "Documentary"), including statements made by Sly, are false and defamatory;

h.  Plaintiffs' allegations that they have suffered reputational harm as professional baseball players as a result of the Documentary's allegedly false and defamatory statements;

i.  Plaintiffs' allegations that they have suffered reputational harm with respect to sponsorships and other business opportunities as a result of the Documentary's allegedly false and defamatory statements;

j.  Facts and information provided by Sly to Liam Collins and/or Defendants;

k.  Facts and information related to Sly, including but not limited to his educational background, pharmaceutical training and employment, business ventures, business partners, business associates, and family members and friends;

l.   Communications between Plaintiffs, including but not limited to Plaintiffs'
agents, and anyone representing or acting on behalf of Sly; and

m.  Communications between Plaintiffs, including but not limited to Plaintiffs'
agents, and Peyton or Ashley Manning, including anyone representing or acting
on behalf of Peyton or Ashley Manning.

Proposed dates for discovery deadlines are included in the Proposed Scheduling Order.
*See* Exhibit A.  The Parties do not believe that discovery should or needs to be conducted
in phases or limited to any particular issues.

C.   The Parties have preliminarily conferred regarding ESI and anticipate that they will be
able to resolve any potential disputes regarding the form of production.  There are no
other disputes regarding disclosure or discovery at this time.

D.  The Parties anticipate including in their protective order a claw-back provision consistent
with F.R.E. 502.  The Parties also intend to discuss a stipulation which would permit
limited discovery into a specific category of Defendants' pre-publication communications
with their outside counsel and which would prohibit discovery into other privileged
communications and work product.

E.  Defendants anticipate seeking discovery on a range of topics related to the allegations in
Plaintiffs' complaints that they have never used performance-enhancing substances, that
statements about them in the Documentary are untrue, that they have suffered economic
injury regarding sponsorships, charitable pursuits, other business opportunities, and
honors.  A substantial amount of this discovery will need to be obtained from third parties
through subpoenas.  Defendants anticipate that many of the third parties, particularly
those who may not wish to testify about involvement in supplying performance-

enhancing substances, will resist Defendants' subpoenas, and motion practice may be required in order to compel responses or appearances at deposition.  Accordingly, the Parties ask the Court to allow approximately eleven (11) months for completion of fact discovery (as set forth in the attached Proposed Scheduling Order).

In addition, Defendants ask the Court to allow them to take more than ten (10) depositions per party.  The issue of the truth or falsity of the allegations in the Documentary, Plaintiffs' flat denials regarding use of performance-enhancing substances, and their contacts with Sly are likely to require documents and testimony from numerous third parties, including those who may have knowledge of contacts between Plaintiffs and Sly.  Plaintiffs' claim of damage to their existing and future endorsement relationships will also require numerous third-party depositions and document subpoenas (Plaintiff Howard lists 17 endorsement/spokesperson relationships in his Amended Complaint (Howard Amended Complaint ¶ 27); Plaintiff Zimmerman lists 22 endorsement/spokesperson relationships in his Amended Complaint (Zimmerman Amended Complaint ¶ 24)).  Without the benefit of any discovery to date, Defendants believe that fifteen (15) depositions per party may be sufficient, but as discovery unfolds, new lines of inquiry may result in the identification of additional people from whom deposition testimony is warranted.

Plaintiffs do not  believe more than ten (10) depositions are needed  to complete discovery.  To the extent additional depositions are required, the Parties should, at that time, file a motion with the Court and demonstrate why such additional depositions are necessary..  If, however, the Court permits Defendants  to take fifteen (15) depositions as a matter of right, Plaintiffs request that this be reciprocal  for Plaintiffs.

F.  No other orders are required at this time.

## III.   Topics Listed in Local Civil Rule 16.3(c)

16.3(c)(1):  N/A—On March 31, 2016, the Court denied, in part, and granted, in part, Defendants' Motion to Dismiss.  This case is, therefore, ripe for discovery. The Parties propose a Scheduling Order below.  *See* Exhibit A.

16.3(c)(2):  Plaintiffs do not intend to join additional parties, nor do they presently intend to file a Second Amended Complaint.  Defendants reserve their right to amend their Answer in the event of further amendments to the complaints, and to either stipulate or seek leave to add additional defenses if warranted by discovery

16.3(c)(3):  The Parties do not consent to this case being assigned to a Magistrate Judge for any purpose other than resolving discovery disputes.

16.3(c)(4):  The Parties would consider discussing settlement as required by Local Rule 16(c)(4).

16.3(c)(5):  The Parties would consider using alternative dispute resolution methods. They have not yet discussed ADR with their clients.

16.3(c)(6):  Proposed dates for filing for summary judgment motions, oppositions and replies are included in the Proposed Scheduling Order.  *See* Exhibit A.

16.3(c)(7):  The Parties do not believe that initial disclosures should be waived. Proposed dates for exchanging initial disclosures are included in the Proposed Scheduling Order.  *See* Exhibit A.

16.3(c)(8)  The scope of each Party's anticipated discovery is discussed in Item II(2) above.   Proposed dates for discovery deadlines, including answers to

interrogatories, document production, requests for admissions and depositions are included in the Proposed Scheduling Order.  *See* Exhibit A.  The Parties note that the dates for various deadlines exceed some of the general guidelines provided by the Court in Appendix A to the April 25, 2017 Order for Initial Scheduling Conference.  The Parties believe these extended deadlines are appropriate in this case given that discovery will likely include discovery of third-parties located outside of the United States.  The Parties believe that a protective order is appropriate and will work to mutually agree on such an order.  The Parties believe that the protective order should provide that Parties may retrieve inadvertently produced privileged or protected work product materials in accordance with Rule 26 of the Federal Rules of Civil Procedure, and that, pursuant to Federal Rule of Evidence 502, the inadvertent production of such materials shall not constitute waiver of applicable privileges.  The Parties have preliminarily conferred regarding search and production of ESI and anticipate that they will be able to resolve any potential disputes regarding the form of production.  There are no other disputes regarding disclosure or discovery at this time.

16.3(c)(9):  The Proposed Scheduling Order, set forth in Exhibit A, provides the Parties' view as to the timing of exchange of expert reports and depositions of experts.

16.3(c)(10):  N/A—This case is not a class action.

16.3(c)(11):    This case consolidates the two Plaintiffs' actions for discovery purposes. The Parties agree that discovery should proceed on a consolidated bases, although, as stated above, Defendants believe that they will need more than ten (10) depositions  per Plaintiff.   Any Party that wishes separate trials will make a motion for that relief within 14 days of the Court's denial of that Party's motion for summary judgment.  The Parties do not otherwise believe that bifurcation or phase management of the litigation is necessary or appropriate.

16.3(c)(12):    N/A (per Order for Initial Scheduling Conference).

16.3(c)(13):    N/A (per  Order for Initial Scheduling Conference).

16.3(c)(14):    There are no additional matter that need to be considered in a scheduling order at this time.


Dated: May 19, 2017.

                                   /s/ *William A. Burck*
                                   William A. Burck (#979677)
                                   Scott E. Lerner (#1024964)
                                   Quinn Emanuel Urquhart & Sullivan, LLP
                                   777 6th Street NW, 11th Floor
                                   Washington, DC 20001
                                   Telephone: (202) 538-8000
                                   Fax: (202) 538-8100
                                   William.burck@quinnemanuel.com
                                   Scott.lerner@quinnemanuel.com

                                   Robert L. Raskopf (admitted pro hac vice)
                                   Kevin S. Reed (admitted pro hac vice)
                                   Ellyde R. Thompson (admitted pro hac vice)
                                   Quinn Emanuel Urquhart & Sullivan, LLP
                                   51 Madison Avenue, 22nd Floor
                                   New York, NY 10010
                                   Telephone: (212) 849-7000
                                   Fax: (202) 849-7100

robert.raskopf@quinnemanuel.com
kevinreed@quinnemanuel.com
ellydethompson@quinnemanuel.com

*Counsel for Plaintiff Ryan W. Zimmerman*

/s/ *Andrew D. Herman*
Andrew D. Herman (#462334)
Miller & Chevalier Chartered
900 16th Street NW
Washington, DC 20006
Telephone: (202) 626-5869
Fax: (202) 626-5801
aherman@milchev.com

*Counsel for Plaintiff Ryan J. Howard*

/s/ *Andrew Lawrence Deutsch*
Anthony Gill (#1008993)
DLA PIPER LLP
500 8th Street, N.W.
Washington, DC 20004
Telephone: (202) 799-4562
Fax: (202) 799-5562
anthony.gill@dlapiper.com

Andrew L. Deutsch (admitted pro hac vice)
Rachel Stevens (admitted pro hac vice)
DLA PIPER LLP
 1251 Avenue of the Americas
New York, NY 10020
Office: (212) 335-4500
Fax: (212) 335-4501
andrew.deutsch@dlapiper.com
rachel.stevens@dlapiper.com

Charles Scheeler
DLA PIPER LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
Office: (410) 580-3000
Fax: (410) 580-3001
charles.scheeler@dlapiper.com

*Counsel for Defendants Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA), Inc., Deborah Davies*

**Exhibit A**

**Proposed Scheduling Order**

| | |
|---|---|
| Early Rule 34 Requests | May 12, 2017 |
| Rule 26 Conference | June 1, 2017 |
| Proposed Protective Order | July 6, 2017 |
| Initial Disclosures | July 6, 2017 |
| Written Responses to Early Rule 34 Requests | July 13, 2017 |
| Begin rolling production of documents responsive to Early Rule 34 Requests. | July 17, 2017 |
| Service of Additional Written Discovery Requests(Interrogatories, Requests for Admission, and Supplemental Document Requests) | July 17, 2017 |
| Written Responses to Supplemental Document Requests | August 28, 2017 |
| Written Responses to Initial Written Discovery Other Than Supplemental Document Requests | September 6, 2017 |
| Begin rolling production of documents responsive to Supplemental Document Requests | September 13, 2017 |
| Substantial completion of production of documents responsive to Early Rule 34 Requests | October 2, 2017 |
| Substantial completion of production of documents responsive to Supplemental Document Requests | October 12, 2017 |
| Parties exchange privilege logs of documents withheld from production in response to Early Rule 34 Requests | October 16, 2017 |
| Final date to serve written discovery | October 23, 2017 |

| | |
|---|---|
| Fact depositions (party and third party) | November 20, 2017 – April 19, 2018 |
| Parties substantially complete document production | November 20, 2017 |
| Exchange of final privilege logs | December 4, 2017 |
| Identification of Opening Expert Witnesses | April 19, 2018 |
| Completion of fact depositions and discovery (except for any fact discovery subject to a motion to compel or motion for protective order pending on this date) | April 19, 2018 |
| Exchange Preliminary List of Trial Witnesses (any fact witness disclosed on this list who has not already been deposed can be deposed within 30 days following this witness designation) | May 10, 2018 |
| Exchange of Opening Expert Reports and production of all materials relied upon by Experts | May 10, 2018 |
| Identification of Rebuttal Expert Witnesses | May 24, 2018 |
| Exchange of Rebuttal Expert Reports and production of all materials relied upon in Rebuttal Expert Reports and not produced previously by the parties | May 31, 2018 |
| Completion of expert discovery, including expert depositions | June 28, 2018 |
| Identification of Trial Witnesses (including adverse and third-party witnesses and experts) (any fact witness on this list, who was not on the Preliminary List of Trial Witnesses and who has not already been deposed, shall be made available if within a party's control for deposition) | July 12, 2018 |
| Summary Judgment Motions Due | September 20, 2018 |

| Oppositions to Summary Judgment | October 25, 2018 |
|---|---|
| Replies ISO Summary Judgment | November 15, 2018 |
| Hearing on Summary Judgment Motion | November 28, 2018 (or as scheduled by the Court) |
| Proposed Ruling on Summary Judgment Motion | As determined by the Court |