**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RYAN W. ZIMMERMAN, *et al.*,  )<br>                                                          )<br>             Plaintiffs,                         )<br>                                                          )<br>             v.                                        )<br>                                                          )<br>AL JAZEERA AMERICA, LLC, *et al.*,  )<br>                                                          )<br>             Defendants.                      )<br>                                                          ) | No. 16–cv–0013 (KBJ) |

## SCHEDULING ORDER

The parties appeared before the Court on July 26, 2017, for an initial scheduling conference. Upon consideration of the representations that the parties made during the conference, the following is hereby **ORDERED**:

1. <u>Discovery Deadlines</u>. Discovery in this case shall proceed with the following deadlines.

| Proposed protective order | **August 30, 2017** |
|---|---|
| Initial disclosures pursuant to FRCP 26(a)(1) | **August 30, 2017** |
| Written responses to early Rule 34 requests | **September 6, 2017** |
| Begin rolling production of documents responsive to early Rule 34 requests | **September 11, 2017** |
| Service of additional written discovery requests (interrogatories, requests for admission, and supplemental document requests) | **September 11, 2017** |
| Written responses to supplemental document requests | **October 23, 2017** |
| Written responses to initial written discovery other than supplemental document requests | **October 31, 2017** |

| | |
|---|---|
| Begin rolling production of documents responsive to supplemental document requests | **November 7, 2017** |
| Substantial completion of production of documents responsive to early Rule 34 requests | **November 27, 2017** |
| Substantial completion of production of documents responsive to supplemental document requests | **December 6, 2017** |
| Parties exchange privilege logs of documents withheld from production in response to early Rule 34 requests | **December 11, 2017** |
| Final date to serve written discovery | **December 18, 2017** |
| Fact depositions (party and third party) | **January 4, 2018 – June 13, 2018** |
| Parties substantially complete document production | **January 4, 2018** |
| Exchange of final privilege logs | **January 29, 2018** |
| Identification of opening expert witnesses | **June 13, 2018** |
| Completion of fact depositions and discovery (except for any fact discovery subject to a motion to compel or motion for protective order pending on this date) | **June 13, 2018** |
| Exchange preliminary list of trial witnesses (any fact witness disclosed on this list who has not already been deposed can be deposed within 30 days following this witness designation) | **July 3, 2018** |
| Exchange of opening expert reports and production of all materials relied upon by experts | **July 3, 2018** |
| Identification of rebuttal expert witnesses | **July 18, 2018** |
| Exchange of rebuttal expert reports and production of all materials relied upon in rebuttal expert reports and not produced previously by the parties | **July 25, 2018** |
| Completion of expert discovery, including expert depositions | **August 22, 2018** |

| | |
|---|---|
| Identification of Trial Witnesses (including adverse and third-party witnesses and experts) (any fact witness on this list, who was not on the preliminary list of trial witnesses and who has not already been deposed, shall be made available if within a party's control for deposition) | **September 5, 2018** |

2. <u>Discovery Limits, Responses, and Objections</u>. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties shall observe the following limitations and requirements:

   a. Each side is limited to a maximum of **twenty (20)** depositions.

   b. Each side is limited to maximum of **forty (40)** interrogatories, including discrete subparts.

   c. Each side is limited to a maximum of **forty (40)** requests for admissions, including discrete subparts.

   d. Objections and responses to all interrogatories, requests for production, and requests for admission shall be made no more than thirty days after service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

   e. Objections to interrogatories and requests for production must be stated with specificity. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B).

   f. An objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

    g.    "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

    h.    Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

3.    <u>General Expectations of Counsel</u>.

    a.    Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, under LCvR 7(m), counsel must confer in good faith if discovery disputes arise and are hereby ordered to attempt to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are not able to resolve a discovery dispute, counsel shall jointly call Chambers (202-354-3350) to arrange for a telephone conference with the Court. **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel**.

    b.    **Counsel are expected to comply fully with the directives in this Court's General Order and Guidelines for Civil Cases and the Appendix thereto (ECF No. 16, filed February 22, 2016).** Counsel should take particular note of the Court's requirements for courtesy copies (Appendix ¶ 3(d)); for Tables of Contents, Tables of Authority, and indices of exhibits (Appendix ¶ 5(a)); for motions for extensions of time (Appendix ¶ 5(b)); and for motions for summary judgment (Appendix ¶ 5(d)). Any submissions that do not conform to the Court's General Order and Guidelines for Civil Cases will not be accepted.

    c.    The parties and their counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available

upon request to the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles in whole or in part, Plaintiffs shall promptly notify the Court of the settlement.

4. <u>Dispositive Motions Deadlines</u>. Dispositive motions shall be filed on or before **November 14, 2018**; oppositions on or before **December 19, 2018**; and replies, if any, on or before **January 9, 2019**.

5. <u>Post-Discovery Status Conference</u>. A status conference is scheduled for **September 6, 2018, at 10:00 AM**. Counsel are expected to come to that conference prepared to discuss the status of discovery, their respective settlement positions, and whether they anticipate filing dispositive motions. Counsel must bring full settlement authority to the status conference. If settlement is not reached, a pretrial conference date, and trial date, may be selected. Counsel should be prepared to advise the Court regarding the expected length of a trial and the number of fact and expert witnesses each party will present. Trial counsel must be present at all conferences and hearings unless excused by the Court in advance of the hearing date.

\* \* \*

This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* FRCP 16(b); LCvR 16.4. The parties' communication with the Court should be in writing and only by written motion, opposition, and reply, not by letter. Oral inquiries concerning the status or scheduling of any pending matter are disfavored. If a party nevertheless needs to make such an oral inquiry, such questions should be directed to the Courtroom Deputy Clerk, Ms. Gwen Franklin (202-354-3145) rather than to chambers. If Ms. Franklin is unavailable, such inquiries should be directed to the staff person in the clerk's office who has been

designated as her substitute.  In an emergency, however, chambers can be reached at 202-354-3350.

Date:  July 26, 2017

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge