**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RYAN W. ZIMMERMAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>AL JAZEERA AMERICA, LLC, et al.,<br><br>    Defendant. | Case No. 1:16-xc-13-KBJ |
| RYAN JAMES HOWARD<br><br>    Plaintiff,<br><br>    vs.<br><br>AL JAZEERA AMERICA, LLC, et al.,<br><br>    Defendants. | Case No. 1:16-cv-14-KBJ |

**DEFENDANTS AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK,
AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES'
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL**

## TABLE OF CONTENTS

Page

Preliminary Statement ................................................................................................................... 1

Background .................................................................................................................................... 2

    A. The Relationship Between Al Jazeera and Collins ........................................................ 2

    B. Discovery Provided or To Be Provided by Defendants ................................................. 3

    C. The Instant Dispute ........................................................................................................ 4

ARGUMENT .................................................................................................................................. 4

I.    AL JAZEERA DOES NOT CONTROL COLLINS' PERSONAL EMAIL, CELL PHONE, AND SOCIAL MEDIA ACCOUNTS, OR HIS PERSONAL FILES ................ 5

    A. Al Jazeera Does Not Have the Legal Right to Collect Collins' Personal Accounts and Files ........................................................................................................ 5

    B. Plaintiffs Have Not Carried Their Burden to Show Al Jazeera and Collins Share a Principal-Agent Relationship .............................................................................. 9

    C. Al Jazeera Does Not Have the Practical Ability to Obtain the Documents From Collins ................................................................................................................. 10

II.   THE COURT SHOULD CONCLUDE THAT PLAINTIFF'S REMEDY LIES WITH RULE 45, NOT RULE 34 ......................................................................................... 12

III.  THE COURT SHOULD AWARD DEFENDANTS, NOT PLAINTIFFS, THEIR REASONABLE COSTS AND FEES INCURRED IN CONNECTION WITH THIS MOTION .................................................................................................................. 13

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bush v. Ruth's Chris Steak House, Inc.*,
   286 F.R.D. 1 (D.D.C. 2012)...........................................................................................6, 12

*Caldwell v. Ctr. for Corr. Health & Policy Studies, Inc.*,
   228 F.R.D. 40 (D.D.C. 2005).............................................................................................13

*Campbell v. Nat'l R.R. Passenger Corp.*,
   309 F.R.D. 21 (D.D.C. 2015).............................................................................................13

*CGC Holding Co., LLC v. Hutchens*,
   11-CV-01012-RBJ-KLM, 2016 WL 1238149 (D. Colo. Mar. 30, 2016)...............................12

*Cooper Indus., Inc. v. British Aerospace, Inc.*,
   102 F.R.D. 918 (S.D.N.Y. 1984) .........................................................................................6

*Dist. of Columbia v. Hampton*,
   666 A.2d 30 (D.C. 1995) ...................................................................................................10

*Doe v. AT & T W. Disability Benefits Program*,
   C-11-4603 DMR, 2012 WL 1669882 (N.D. Cal. May 14, 2012).............................................6

*Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*,
   233 F.R.D. 338 (S.D.N.Y. 2005) ........................................................................................11

*Flagg v. City of Detroit*,
   252 F.R.D. 346 (E.D. Mich. 2008) ....................................................................................6, 7

*Golden Trade, S.r.L. v. Lee Apparel Co.*,
   143 F.R.D. 514 (S.D.N.Y. 1992) .........................................................................................6

*Hatfill v. New York Times Co.*,
   242 F.R.D. 353 (E.D. Va. 2006) .........................................................................................7

*Henderson v. Charles E. Smith Mgmt., Inc.*,
   567 A.2d 59 (D.C. 1989) ................................................................................................9, 10

*Herbst v. Able*,
   63 F.R.D. 135 (S.D.N.Y. 1972) ..........................................................................................11

*Ice Corp. v. Hamilton Sundstrand Corp.*,
   245 F.R.D. 513 (D. Kan. 2007).............................................................................................7

*Jackson v. Loews Washington Cinemas, Inc.*,
   944 A.2d 1088 (D.C. 2008) ...................................................................................10

*Judah v. Reiner*,
   744 A.2d 1037 (D.C. 2000) ................................................................................9, 10

*Newill v. Campbell Transportation Co., Inc.*,
   No. 12-cv-1344, 2013 WL 6002349 (W.D. Pa. Nov. 12, 2013) ...............................11

*Nosal v. Granite Park LLC*,
   269 F.R.D. 284 (S.D.N.Y. 2010) ............................................................................12

*In re NTL, Inc. Sec. Litig.*,
   244 F.R.D. 179 (S.D.N.Y. 2007) ..............................................................................6

*Owens-Hart v. Howard Univ.*,
   317 F.R.D. 1 (D.D.C. 2016) .....................................................................................5

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,
   490 F.3d 130 (2d Cir. 2007) ...................................................................................12

*Smith v. Jenkins*,
   452 A.2d 333 (D.C.1982) .........................................................................................9

*St. Jude Med. S.C., Inc. v. Janssen-Counotte*,
   305 F.R.D (D. Or. 2015) ..........................................................................................6

*U.S. Int'l Trade Comm'n v. ASAT, Inc.*,
   411 F.3d 245 (D.C. Cir. 2005) .................................................................................5

*Uniden Am. Corp. v. Ericsson Inc.*,
   181 F.R.D. 302 (M.D.N.C. 1998) ............................................................................6

Defendants Al Jazeera America, LLC, Al Jazeera Media Network ("AJMN"), Al Jazeera international (USA), Inc., (collectively, "Al Jazeera"), and Deborah Davies (collectively, "Defendants") respectfully submit this memorandum in opposition to Plaintiffs Ryan W. Zimmerman's and Ryan J. Howard's Motion to Compel (Dkt. No. 69).

## PRELIMINARY STATEMENT

Plaintiffs ask this Court to compel Defendants to collect private electronic accounts, such as social media messages, and personal email and cell phone records, solely in possession of Liam Collins, who was dismissed as a defendant in this case months ago, and who is not an employee or agent of Defendants. They also want the Court to compel Defendants to review the private, personal information stored in those accounts for documents responsive to Plaintiffs' discovery requests, then respond to follow-on discovery requests about the collection, search, and production (if any) of those documents. Implicitly, Plaintiffs expect Defendants to be responsible for any failures of Collins to produce any responsive documents in his sole and exclusive possession. Plaintiffs have provided no legal authority for this far-reaching demand because, as explained below, no court has ever ordered a party to go this far under Federal Rule of Civil Procedure ("Rule") 34. This Court should deny this overreaching motion to compel, especially since Plaintiffs can seek the same information by serving Collins with a subpoena under Rule 45.

In their moving papers, Plaintiffs argue that Defendants can comply with their demands since they somehow "control" Collins even though he has never been an employee or agent of the Defendants. Although Collins was formerly an independent contractor, his work with the Defendants has long since ceased and his contracts afford the Al Jazeera Defendants only limited rights, which do not include the right to collect and search documents located in Collins'

1

personal accounts.  As a result, the proper outcome here, as the relevant case law indicates, is for Plaintiffs to seek the documents they want from the only person who controls them, Collins himself.  Toward that end, the Al Jazeera Defendants have asked Collins to authorize his Washington, D.C.-based counsel to accept service and appropriately respond to any subpoenas Plaintiffs serve upon him in this case.  For these reasons and those set forth below, we respectfully request this Court deny the motion filed by Plaintiffs and award Defendants the costs associated with defending this needless motion.

## BACKGROUND

### A. The Relationship Between Al Jazeera and Collins

In May of 2015, Al Jazeera engaged Collins "as a freelance journalist to perform newsgathering services for" the Documentary at issue in this litigation, *The Dark Side: Secrets of the Sports Dopers*. (Pl. Br. at Ex. B).  On May 15, 2015, Collins signed a Confidentiality and Non-Disclosure Agreement (the "NDA").  *Id*.  As is typical, the NDA permits Collins to disclose "Confidential Information" with Al Jazeera's "prior written consent."  *Id*. at § 2.  "Confidential Information" is defined as "Al Jazeera's journalistic resources and products of journalistic investigations, including the subject matter of the Documentary, the Documentary's subjects, and the sources of information for the Documentary.  This includes, but is not limited to, any and all information shared verbally or in writing between the Discloser and Disclosee."  *Id.* at § 1.  The NDA also contains a provision entitled "Copyrights" that assigns Al Jazeera ownership of all "copyrightable 'Work Product'" created in connection with his engagement.  *Id*. at § 9.

On November 5, 2015, Collins executed an Appearance Release with AJMN (the "Appearance Release").  (Pl. Br. at Ex. A).  The Appearance Release contained the following indemnification provision:

2

>Al Jazeera and I acknowledge that in the event of any claim, charge, or lawsuit brought against me by a third party relating to my appearance in the Program, Al Jazeera will defend and indemnify me (including paying my attorneys' fees and the cost of my legal defense) in connection with such claim, charge, or lawsuit. I understand that this indemnity shall not apply to claims arising from statements or material that I knowingly falsify, any illegal or unlawful acts I may engage in, or my acts that were not requested or authorized by Al Jazeera and/or that are outside the scope of my engagement by Al Jazeera for the Program. I understand that Al Jazeera's indemnification obligations are conditioned upon my (1) prompt notification to Al Jazeera in writing of any claim relating to the Program; (2) cooperation with Al Jazeera in the defense of the claim; and (3) grant to Al Jazeera of sole control over the defense and/or settlement of the claim.

*Id.* § 4.

### B. Discovery Provided or To Be Provided by Defendants

In order to facilitate his work with Al Jazeera, Collins used an email account—liamcollins400m@gmail.com—over which Defendants have physical control. Defendants have thus agreed to include documents from this account as part of its review for documents responsive to Plaintiffs' discovery requests. Defendants also agreed to include "Liam", "Collins", and "Liam Collins" among the 322 search terms Defendants are using to ensure any relevant, non-privileged communications by Mr. Collins from any source within Al Jazeera's control will be captured and produced. Accordingly, as Plaintiffs concede, "Al Jazeera has produced from other custodians more than 175 e-mails sent to or received from Collins' other Gmail account," liamcollins0@gmail.com. *Id.* This demonstrates that responsive documents within the Defendants' possession, custody, and control containing Collins' personal email address have been or will be produced. Moreover, the Al Jazeera Defendants have requested that Collins authorize his Washington, D.C.-based attorney to accept service of any subpoenas issued by Plaintiffs and to respond in a manner consistent with the Federal Rules. *See* Ex 1.

### C. The Instant Dispute

Unsatisfied with Defendants' extensive discovery efforts, Plaintiffs sent a September 26, 2017 letter demanding Defendants collect from Collins and produce any responsive information stored in Collins' personal email, cell phone, social media and other accounts, as well as any hard copy materials that Collins may physically possess, including any handwritten notes or diaries.  (Pl. Br. at Ex. U).  On October 5, 2017, Defendants responded by explaining that Collins was "a freelance journalist," not "an Al Jazeera employee," and Defendants had already produced or would produce all responsive documents they had in their files or otherwise under their control.  (Pl. Br. at Ex. H).  Plaintiffs' counsel responded that Plaintiffs "considered the Parties to be at an impasse," *see* Ex. 2, and summarily rejected Defendants' attempts to convince Plaintiffs' counsel that this dispute could be resolved and Plaintiffs could obtain the documents it sought from Collins without judicial intervention.

### **ARGUMENT**

This motion to compel presents the Court with a single question: does Al Jazeera, under Rule 34, have sufficient control of Collins' personal email, cell phone, and social media accounts such that it is required to search through and produce any relevant, responsive, non-privileged documents contained in Collins' personal accounts?  If Al Jazeera does not have sufficient control over Collins' personal files, the motion must be denied, and Plaintiffs may seek this information directly from Collins through a non-party subpoena.  As demonstrated above and below, Al Jazeera does not have control over Collins' personal accounts, either by contract or other means.  The Court should therefore deny the motion to compel in its entirety.

## I. AL JAZEERA DOES NOT CONTROL COLLINS' PERSONAL EMAIL, CELL PHONE, AND SOCIAL MEDIA ACCOUNTS, OR HIS PERSONAL FILES

Plaintiffs admit, as they must, that Defendants do not possess or have custody of Collins' personal email, cell phone, social media and other private accounts, or any other of his personal files. Plaintiffs are thus left with the burden of persuading this Court that Defendants somehow "control" these accounts and files under Rule 34. *See U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 254 (D.C. Cir. 2005) ("It is the Commission's burden to establish that ASAT, Inc. has control of the subpoenaed documents."). "'Control' is defined as the legal right, authority or ability to obtain documents upon demand." *Owens-Hart v. Howard Univ.*, 317 F.R.D. 1, 6 (D.D.C. 2016) (*quoting U.S. Int'l Trade Comm'n*, 411 F.3d at 254). Since Plaintiffs have failed to show that Al Jazeera has the legal right, authority or ability to obtain Collins' personal email, cell phone, social media and other private accounts, or any other of his personal files, Plaintiffs have fallen far short of their burden to show Al Jazeera "controls" the information possessed by Collins.

### A. Al Jazeera Does Not Have the Legal Right to Collect Collins' Personal Accounts and Files

Plaintiffs contend Defendants have the legal right to collect Collins' personal cell phone, email, social media and other private accounts, as well as other unidentified documents contained in Collins' personal files. (Pl. Br. at 3). Plaintiffs further contend Defendants have the legal right to search those personal accounts for documents responsive to Plaintiffs' discovery requests to the Defendants. (*Id.* at 10). To support this sweeping argument, Plaintiffs rely only upon the terms set forth in the Appearance Release and the NDA between Collins and Al Jazeera. (*Id.* at 10-12). Plaintiffs, however, are wrong. Neither agreement gives Defendants the right to demand that Collins turn over his personal accounts and files to the Defendants.

Moreover, the cases cited in Plaintiffs' moving papers similarly do not support a conclusion that Defendants have control over Collins' personal accounts and information in this circumstance. First, Plaintiffs cite to single sentences in cases where courts have concluded that a corporate party to a litigation has "control" over files maintained by its sister corporations, affiliates, foreign subsidiaries or predecessor companies. *See, e.g.*, *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 307 (M.D.N.C. 1998) (sister corporation); *Cooper Indus., Inc. v. British Aerospace, Inc.,* 102 F.R.D. 918, 920 (S.D.N.Y. 1984) (affiliate); *St. Jude Med. S.C., Inc. v. Janssen-Counotte,* 305 F.R.D. 630, 639 (D. Or. 2015) (foreign affiliate); *In re NTL, Inc. Sec. Litig.,* 244 F.R.D. 179, 197 (S.D.N.Y. 2007) (predecessor company). These cases are inapposite. Collins is not Al Jazeera's sister corporation, affiliate, foreign subsidiary or predecessor company.

Second, Plaintiffs cite to single sentences in cases where courts have found that a party to a litigation has "control" over its own documents that happen to be stored or managed by an active vendor. *See, e.g.*, *Bush v. Ruth's Chris Steak House, Inc.*, 286 F.R.D. 1, 5 (D.D.C. 2012) (employment records stored by a vendor); *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 517 (S.D.N.Y. 1992) (patent files stored by a patent agent); *Doe v. AT & T W. Disability Benefits Program*, C-11-4603 DMR, 2012 WL 1669882, at *4 (N.D. Cal. May 14, 2012) (insurance claims files stored by a vendor). In *Flagg v. City of Detroit*, for example, the plaintiffs had issued a subpoena to a third-party provider that maintained text messages sent to and from the defendant. 252 F.R.D. 346, 348 (E.D. Mich. 2008). The defendant, the city of Detroit, sought to block the production of those text messages on the basis that the federal Stored Communications Act precluded the production of electronic communications stored by a non-

6

party service provider.  *Id.*   Importantly, the city acknowledged that it owned the archived text messages but it declined to consent to their production.  *Id.* at 355.

Conversely, here, Collins is not an active third-party vendor hired to store or maintain Al Jazeera's corporate records.  Unlike the movants in *Flagg* and related cases, Plaintiffs in this case are not seeking a finite set of exclusively corporate records owned only by the Defendants.  Rather, Plaintiffs ask the Court to compel Defendants to assume control over Collins' personal accounts and sift through them in a search for any documents responsive to their discovery requests.  And, of course, there are no public transparency laws in play here.

Leaving aside these inapplicable cases, Plaintiffs are left to rely upon a single decision in which the party opposing production denied control over drawings that it had the right to view, but not copy.  *See Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 522 (D. Kan. 2007) (compelling party to produce a set of drawings it hired a vendor to create and maintain).  That decision from a federal court in Kansas is wholly inapposite.  Plaintiffs do not (and cannot) allege that Collins is in possession of a discreet set of documents owned by Al Jazeera that it paid him to create and that it has a continuing right to review.  Rather, they ask for an order directing Al Jazeera to somehow obtain (with no legal right) Collins' personal email, cell phone, social media and other private accounts and then review that material in search of anything responsive to Plaintiffs' discovery requests.  There is no precedent for the relief Plaintiffs seek.  *See, e.g., Hatfill v. New York Times Co.,* 242 F.R.D. 353, 355 (E.D. Va. 2006) (denying motion to compel employee reporter's unpublished research interview notes stored on his personal flash drive because the *New York Times* did not have any legal right to those notes)*.*

With no cases to support the broad relief requested in their motion, Plaintiffs' last remaining hook is their reliance on Sections 2 and 9 of the NDA.  These provisions do not

7


support Plaintiffs' argument.  Section 2 of the NDA, entitled "Maintenance of Confidentiality," is a typical confidentiality clause that permits Collins to disclose any "Confidential Information" provided to him by Al Jazeera or by him to Al Jazeera, so long as Al Jazeera consents.  (Pl. Br. at Ex. B § 2).  It does not prohibit Collins' compliance with a subpoena.  In any event, Al Jazeera has or will conduct a reasonable search for and produce any discoverable Confidential Information that is the subject of this clause since it is already in Al Jazeera's possession.

Section 9, entitled "Copyrights," gives Al Jazeera certain ownership rights over any "copyrightable 'Work Product'" developed in connection with the Documentary.  (Pl. Br. at Ex. B § 9).  This customary clause simply clarifies that Al Jazeera has the exclusive right to copyright the work of its investigative unit, which it did with *The Dark Side* documentary.  Section 9 does not create a right permitting Al Jazeera unfettered access to Collins' personal records; such a claim is a non sequitur.  Moreover, Al Jazeera has or will conduct a reasonable search for and produce any discoverable "Work Product," including communications between Al Jazeera and Collins, in Al Jazeera's possession.

Plaintiffs also ask this Court to infer control from the Appearance Release, which requires Al Jazeera to indemnify Collins under certain circumstances.  In order for Collins to be indemnified, he is required to "cooperat[e] with Al Jazeera in defense of the claim," and grant Al Jazeera sole control over the defense and/or settlement of the claim.  (Pl. Br. at Ex. A § 4).  Plaintiffs contend that this indemnification clause entitles Al Jazeera to control Collins' personal accounts.  But, Plaintiffs fail to cite any case where a court concluded that the presence of an indemnification clause in a contract provided one party with control over the other party's personal accounts and files.  And for good reason; it does not.  Indeed, nothing in this clause gives Al Jazeera the right to demand or search through Collins' personal accounts and files.  As a

result, Plaintiffs' claim that Al Jazeera has a legal right to Collins' personal accounts and files is unsupported by the contracts, the Federal Rules and the case law.

### B. Plaintiffs Have Not Carried Their Burden to Show Al Jazeera and Collins Share a Principal-Agent Relationship

Plaintiffs' second argument—that Collins is an agent of Defendants—also fails. "The existence of an agency relationship is a question of fact, for which the person asserting the relationship has the burden of proof." *Henderson v. Charles E. Smith Mgmt., Inc.*, 567 A.2d 59, 62 (D.C. 1989) (citing *Smith v. Jenkins,* 452 A.2d 333, 335 (D.C.1982)). "[T]o determine whether a principal-agent relationship has been created, the court must . . . determine if two factors exist . . . the parties' *consent* to establish a principal-agent relationship [and] evidence that the activities of the agent are subject to the principal's *control*." *Id.* Plaintiffs also must show Defendants knew of, and consented to, Collins holding himself out as their agent. *See Judah v. Reiner,* 744 A.2d 1037, 1041 (D.C. 2000) ("In order to demonstrate the existence of an agency relationship, [plaintiff] must also show that [defendants] knew of, and consented to, those representations."). They have not met their burden.

In support of their contention, Plaintiffs cite to the agreements between Collins and Al Jazeera and a handful of emails that were produced in discovery. (Pl. Br. at 13). These documents show no more than what they say: Collins, during the creation of the Documentary, served as "a freelance journalist to perform newsgathering services." (Pl. Br. at Ex. B). Plaintiffs simply have offered no proof to meet their burden on this issue as required under District of Columbia law. For example, in *Henderson*, the contracts at issue stated that "[e]verything done by the Agent under [the] terms of this Agreement shall be done as Agent of the Owner" and that the property management company would "act in the name and at the expense of the owner." *Henderson,* 567 A.2d at 63. Yet, even then, the Court found the

9

agreement's terms did not establish a principal-agent relationship. *Id.* Thus, the agreements here, with no express language of agency, certainly do not establish a principal-agent relationship.

Recognizing the weakness in their argument, Plaintiffs cobble together a handful of emails, which they mischaracterize as proof that "Collins' activities were controlled by Al Jazeera." (Pl. Br. at 13). At most, these emails show that Collins and Al Jazeera communicated about the general contours of the work that he performed as an independent contractor over two years ago. This falls far short of establishing a principal-agent relationship as a matter of law. *See, e.g., Judah*, 744 A.2d at 1040 (holding that no principal-agent relationship existed between management company and independent contractors); *Dist. of Columbia v. Hampton*, 666 A.2d 30, 40 (D.C. 1995) (holding that the fact plaintiff agreed to "assist" and "advise" independent contractor was insufficient to establish principal-agent relationship).

At best, it is premature to find the existence of a principal-agent relationship. As noted in *Henderson*, the determination of a principal-agent relationship is a question of fact. This makes it highly difficult and rare for courts to determine prior to trial, let alone with discovery in its nascent stages, that a principal-agent relationship exists. In fact, Plaintiffs themselves cite to authority demonstrating the difficulty courts face to definitively find a principal-agent relationship based on a scant record. *Jackson v. Loews Washington Cinemas, Inc.*, 944 A.2d 1088, 1098 (D.C. 2008) (granting summary judgment for defendants due to insufficiency of plaintiff's evidence of principal-agent relationship).

### C. Al Jazeera Does Not Have the Practical Ability to Obtain the Documents From Collins

Finally, Plaintiffs claim that "[t]here can be no serious doubt that Al Jazeera has the practical ability to obtain documents and information from Collins." (Pl. Br. at 14). Plaintiffs

provide no factual or legal support for their sweeping and incorrect assertion. Al Jazeera has no practical means to obtain personal accounts from an independent contractor whose services ended almost two years ago.

The cases cited by Plaintiffs on this point are, again, easily distinguishable. In those cases, the party at issue had already demonstrated control by either collecting *specified* documents or producing the individual for deposition. *See, e.g.*, *Newill v. Campbell Transportation Co., Inc.*, No. 12-cv-1344, 2013 WL 6002349, *6 (W.D. Pa. Nov. 12, 2013) (ordering party to re-produce for deposition a non-party whom it previously produced in order to answer questions about missing photographs); *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 233 F.R.D. 338, 342 (S.D.N.Y. 2005) (ordering party to attempt to obtain journal entries described by former employee at deposition arranged by the party); *Herbst v. Able,* 63 F.R.D. 135, 138 (S.D.N.Y. 1972) (ordering party to direct its existing employees to request and produce SEC transcripts).[1]

This case could not be more different. It is undisputed that Collins is not and never has been an employee of Al Jazeera; Al Jazeera has not exercised any control over Collins in this case; and instead of asking for specific documents, Plaintiffs demand that Al Jazeera obtain and search through every personal account and file maintained by Collins, to determine if Collins has any documents responsive to Plaintiffs' discovery requests. Al Jazeera has no practical ability to retrieve and search Collins' personal accounts and files. Even though the Federal Rules impose no such obligation upon it, Al Jazeera has written to the Washington, D.C.-based lawyer who

---

[1] Plaintiffs cite this case in their argument section concerning "legal right." (Pl. Br. at 11). However, the court in that case does not analyze and discuss the facts in terms of the three-prong test to assess legal right, authority, or practical ability to obtain. Rather, the case more properly fits within the construct of "practical ability." *See Herbst*, 63 F.R.D. at 138 ("Plaintiffs, consequently, may request Douglas to have its non-defendant employees procure copies of their private testimony before the SEC so that Douglas may give same to plaintiffs. Plainly Douglas' employees are persons within its control."). Regardless, *Herbst* does not support either of Plaintiffs' arguments.

11

represented Collins in this case prior to his dismissal, and asked if he would seek authorization from Collins to accept service of a subpoena from Plaintiffs. *See* Ex. 1. Under these circumstances, the Court should deny the motion to compel.

## II. THE COURT SHOULD CONCLUDE THAT PLAINTIFF'S REMEDY LIES WITH RULE 45, NOT RULE 34

In circumstances like this one, courts have denied motions to compel where the movant has failed to serve a subpoena on the nonparty with control over the requested documents. *See Nosal v. Granite Park LLC*, 269 F.R.D. 284, 290-91 (S.D.N.Y. 2010) (*quoting Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party upon whom a discovery demand is served need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents.")); *CGC Holding Co., LLC v. Hutchens,* 11-CV-01012-RBJ-KLM, 2016 WL 1238149, at *10 (D. Colo. Mar. 30, 2016) (defendants not in control of third-party bank, therefore defendants' bank records equally available to plaintiffs via subpoena); accord *Bush v. Ruth's Chris Steak House, Inc.*, 286 F.R.D. 1, 5 (D.D.C. 2012) (*quoting Nosal*, 269 F.R.D. at 290-91).

This is especially appropriate here, where discovery is in its early stages, Plaintiffs have not even attempted to serve Collins with a subpoena, and Al Jazeera has asked Collins to authorize his Washington D.C.-based counsel to accept service of a subpoena. Indeed, it is Collins who is best positioned to respond to Plaintiffs' requests, which are excessively broad, are not limited to a finite set of documents, and purport to require the collection and review of personal cell phone records, emails, and social media accounts, whose location and extent are known only to Collins.

### III. THE COURT SHOULD AWARD DEFENDANTS, NOT PLAINTIFFS, THEIR REASONABLE COSTS AND FEES INCURRED IN CONNECTION WITH THIS MOTION

Costs are appropriate here, but it is Defendants who are entitled to costs, not the Plaintiffs. Plaintiffs are not entitled to costs where, as here, Defendants have not sought to obstruct Plaintiffs' efforts to obtain documents in any way. *See, e.g.*, *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 24 (D.D.C. 2015) (fees granted only because plaintiffs failed to appear for their depositions). Defendants cannot access and search information contained in the personal accounts owned and controlled by Collins. Defendants, however, can and have encouraged Collins, through his counsel, to cooperate with such a subpoena and have not sought to obstruct Plaintiffs' discovery efforts.

Defendants made this clear to Plaintiffs before the motion was made, but Plaintiffs refused to engage in a constructive dialogue and instead merely insisted that Defendants comply with Rule 34. This motion, to put it bluntly, has been a waste of the Court's time and resources, as well as those of Defendants. Indeed, the Court should award fees to Defendants and impose sanctions against Plaintiffs for their abuse of the discovery process. *See Caldwell v. Ctr. for Corr. Health & Policy Studies, Inc.*, 228 F.R.D. 40, 44–45 (D.D.C. 2005) (granting fees to non-movant where movant failed to abide proper discovery process).

### CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' Motion in its entirety, award Defendants the costs associated with this motion and grant Defendants such other relief that is just and reasonable.

Dated: November 6, 2017                    By: /s/ *Charles P. Scheeler*
                                           Andrew L. Deutsch *(admitted pro hac vice)*
                                           Michael D. Hynes *(admitted pro hac vice)*
                                           Rachel Stevens *(admitted pro hac vice)*
                                           DLA PIPER LLP (US)
                                           1251 Avenue of the Americas
                                           New York, NY 10020
                                           Telephone:  212.335.4500
                                           Facsimile:  212.335.4501
                                           andrew.deutsch@dlapiper.com
                                           michael.hynes@dlapiper.com
                                           rachel.stevens@dlapiper.com


                                           Anthony D. Gill
                                           DLA PIPER LLP
                                           500 Eighth Street, NW
                                           Washington, DC  20004
                                           Telephone:  202.799.4562
                                           Facsimile:  202.799.5562
                                           anthony.gill@dlapiper.com

                                           Charles P. Scheeler (#987245)
                                           DLA PIPER LLP (US)
                                           The Marbury Building
                                           6225 Smith Avenue
                                           Baltimore, MD  21209-3600
                                           Telephone:  410.580.3000
                                           Facsimile:  410.580.3001
                                           charles.scheeler@dlapiper.com

                                           *Counsel for Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA), Inc., and Deborah Davies*