UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN W. ZIMMERMAN, *et al.*,

      Plaintiffs,

v.

AL JAZEERA AMERICA, LLC, *et al.*,

      Defendants.

Case Nos. 1:16-cv-13-KBJ

1:16-cv-14-KBJ

DEFENDANTS' STATUS REPORT

Defendants Al Jazeera America, LLC ("AJA"), Al Jazeera Media Network ("AJMN"), Al Jazeera International (USA), Inc. ("AJI"), and Deborah Davies ("Davies") (collectively, "Defendants" and, together with Plaintiffs, the "Parties"), respectfully submit this Status Report as directed by the Court in its December 27, 2017 Minute Order.

The Proposed Confidentiality Order, as negotiated between the Parties, contains two levels of confidential protection—"Confidential" and "Highly Confidential." The Parties agree that a Highly Confidential designation may be used to protect certain medical or health-related information. In addition, Defendants have requested the right to designate as Highly Confidential certain notes taken by a reporter to the extent that the Court finds those notes are not protected against disclosure by the D.C. Shield Law. The D.C. Shield Law provides the news media and persons employed by the news media ("reporters") with an absolute privilege against compelled disclosure of information that would identify "the source of any news or information" obtained by a reporter while "acting in an official news gathering capacity." D.C. Code § 16-4702(1), 4703(b). The D.C. Shield Law separately protects reporters from compelled

disclosure of "any news or information," including reporters' notes, obtained "in the course of pursuing professional activities" as long as that information "is not itself communicated in the news media."  D.C. Code § 16-4702; *see also* Defendants' Reply in Further Support of Motion for Entry of a Confidentiality Order, at 5 (Dkt. #65).

At this time, Defendants do not intend to designate any reporters' notes as Highly Confidential.  Rather, Defendants intend to assert the D.C. Shield Law to protect from disclosure portions of notes taken by a reporter employed by Al Jazeera in the course of her news gathering for *The Dark Side* documentary, as well as less than ten electronic communications between Al Jazeera reporters transmitting the notes (the "Documents").  The Documents are privileged from disclosure under the D.C. Shield law both because their production would identify the source of news or information procured during newsgathering, and because the source provided the information to Al Jazeera only on the condition that it would not be further disclosed by Al Jazeera without the approval of the source.[1]

The dispute over whether the Documents should be designated Highly Confidential under the proposed Protective Order is therefore not yet ripe, since it is contingent on (1) Plaintiffs disputing Al Jazeera's withholding the Documents from production under the D.C. Shield Law, (2) this Court holding that the D.C. Shield Law does not protect the Documents from disclosure, and (3) that ruling being upheld if Al Jazeera files an objection with the District Court.

Defendants respond as follows to the three questions posed by the Court in its December 27, 2018 Minute Order:

1.    Defendants have identified twenty-one documents which appear responsive to Plaintiffs' written discovery requests that contain or reference unpublished information received

---

[1]    Although Al Jazeera made a promise of confidentiality to the source, the D.C. Shield Law protects against disclosure of "the source of any news or information . . . whether or not the source has been promised confidentiality."  D.C. Code § 16-4702(1).

by Defendants from a source who provided the information on the condition that it remain confidential absent prior approval from the source.  As noted above, the Documents consist of material contained within reporter's notes, and electronic communications exchanged among Al Jazeera reporters.

2.      The unpublished information contained within the Documents, if disclosed, would create a substantial risk that the identity of the source would be disclosed even if the name of the source were redacted.  In consequence, merely redacting the name of the source from the Documents would not permit Defendants to provide the confidentiality that Defendants promised to the source.  It is possible to redact one set of notes, which contains information both from this and other sources, so that all of the notes that could be used to identify the source are withheld. However, it is not possible to redact the remaining documents to adequately protect the identity of the source from disclosure.

3.      For the reasons stated above, Defendants contend that all of the Documents are privileged under the D.C. Shield Law.  Consequently, Defendants intend to log the Documents on their final privilege log, due January 29, 2018, and to indicate the D.C. Shield Law as the basis for privilege.

Dated: January 4, 2018

/s/ *Charles Scheeler*
Charles Scheeler (#987245)
DLA PIPER LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
Office: (410) 580-3000
Fax: (410) 580-3001
charles.scheeler@dlapiper.com

Andrew L. Deutsch (admitted pro hac vice)
Rachel Stevens (admitted pro hac vice)

3

DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Office: (212) 335-4500
Fax: (212) 335-4501
andrew.deutsch@dlapiper.com
rachel.stevens@dlapiper.com

*Counsel for Defendants Al Jazeera America,
LLC, Al Jazeera Media Network, Al Jazeera
International (USA), Inc., Deborah Davies*