**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RYAN W. ZIMMERMAN *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No.: 16-00013 (KBJ/RMM) |
| AL JAZEERA AMERICA, LLC *et al.* | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiffs, Ryan Zimmerman and Ryan Howard (collectively, "Plaintiffs"), are professional baseball players associated with Major League Baseball who have raised libel and invasion of privacy claims against Defendants Al Jazeera America, LLC, Al Jazeera International (U.S.A.) Incorporated, Al Jazeera Media Network (collectively, "Al Jazeera"), and Deborah Davies (collectively with Al Jazeera, "Defendants"). Plaintiffs' claims arise from a television program, reported by Ms. Davies and aired by Al Jazeera, in which Plaintiffs are identified as users of performance enhancing drugs. Zimmerman First Am. Compl. ¶¶ 44-46, ECF No. 9; Howard First Am. Compl. ¶¶ 47-49, ECF No. 44. Judge Ketanji Brown Jackson referred this matter to the undersigned for management of discovery. *See* 9/14/17 Minute Order.

The parties dispute the discoverability and proper treatment of information received by Defendants from sources who provided the information on the condition that it remain confidential. The parties have presented that dispute to the Court through Defendants' pending Motion for Entry of a Confidentiality Order. *See* Defs.' Mot. for Entry of a Confidentiality Order ("Mot. for Confidentiality Order"), ECF No. 62. Plaintiffs and Al Jazeera have submitted competing Protective Orders which propose a two-tiered classification system pursuant to which

sensitive documents can be designated as "Confidential" or "Highly Confidential." *Id.* at 1. Under the parties' proposed framework, documents designated Highly Confidential can be disclosed to opposing counsel, but unlike documents designated Confidential, they cannot be disclosed to the opposing parties themselves. *See* Defs.' Proposed Confidentiality Order ("Defs.' Proposed Order") at 9-10, ECF No. 62-1. The proposed Protective Orders are identical except for the treatment of documents received from sources who were promised confidentiality. *Compare* Defs.' Proposed Order *with* Pls.' Proposed Confidentiality Order ("Pls.' Proposed Order"), ECF No. 63-1. Al Jazeera proposes to designate those documents as Highly Confidential, whereas Plaintiffs seek to designate those documents as Confidential. Defs' Mot. at 1-2; Pls.' Opp'n to Defs.' Mot. for Entry of a Confidentiality Order ("Pls.' Opp'n") at 1-2, ECF No. 63. The parties agree that certain medical or health-related information should be designated as Highly Confidential, and that five categories of information[1] should be designated as Confidential.

The progress of discovery after the Motion for Confidentiality Order was filed has provided additional context for the parties' dispute. Approximately thirty-nine of the documents responsive to Plaintiffs' discovery requests originate from a source who was promised confidentiality. *See* Defs.' Am. Status Report at 3, ECF No. 76. Defendants advised the Court

---

[1] The parties agree that the Confidential designation should apply to: "information protected from disclosure by statute to the extent such information is not included in the definition of 'Highly Confidential Information' as defined [in the Confidentiality Order]; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 2099 forms; or (f) personnel or employment records of a person who is not a party to the case." *See* Defs.' Proposed Order at 2; Pls.' Proposed Order at 2.

that they no longer wish to designate those documents as Highly Confidential, and instead intend to withhold them as privileged pursuant to the D.C. Shield Law. *See id.*

Having considered the Motion for Confidentiality Order, the related legal memoranda and status reports, and the applicable rules and law, the Court adopts a Protective Order that does not include the disputed category of records among the material designated as Confidential or Highly Confidential. Defendants' invocation of the D.C. Shield Law currently provides an adequate means of protecting the information provided by sources who received assurances of confidentiality. Unless Plaintiffs successfully challenge that assertion of privilege, the documents will not be disclosed to Plaintiffs or their counsel, thereby rendering it immaterial whether they should be designated as Confidential or Highly Confidential upon disclosure. That does not, however, render moot the need for a protective order, as the order is necessary to establish guidelines for the designation and treatment of other sensitive information produced in discovery. Accordingly, the Court will adopt a Protective Order that excludes documents received from sources who were promised confidentiality from the definition of Confidential or Highly Confidential, but otherwise tracks the parties' proposals. If Defendants withdraw their assertion of privilege, or if it is reversed by the Court, they may move to modify the Protective Order to include the disputed category of documents among the items designated as Highly Confidential or Confidential.

For the foregoing reasons the Court GRANTS-IN-PART Defendants' Motion for Entry of a Confidentiality Order. The Protective Order, revised in the manner described above, will be docketed separately. SO ORDERED this 6th day of March, 2018.

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE