## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN W. ZIMMERMAN, <br><br>                  Plaintiff, <br><br>    v. <br><br> AL JAZEERA AMERICA, LLC, et al., <br><br>                  Defendants. | Case No. 1:16-cv-13-KBJ-RMM |
| RYAN J. HOWARD <br><br>                  Plaintiff, <br><br>    v. <br><br> AL JAZEERA AMERICA, LLC, et al., <br><br>                  Defendants. | Case No. 1:16-cv-14-KBJ-RMM |

## PLAINTIFFS RYAN W. ZIMMERMAN'S AND RYAN J. HOWARD'S REPLY IN FURTHER SUPPORT OF THEIR EMERGENCY MOTION TO COMPEL THE DEPOSITION OF DR. MOSTEFA SOUAG

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT........................................................................................................................2

I.      THE COURT SHOULD COMPEL SOUAG'S DEPOSITION.........................................2

II.     THE COURT SHOULD AWARD PLAINTIFFS' COSTS AND FEES FOR
        THIS MOTION.................................................................................................6

CONCLUSION......................................................................................................................7

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Affinity Labs of Texas v. Apple, Inc.*,
   No. C 09-4436 CW JL, 2011 WL 1753982 (N.D. Cal. May 9, 2011) ...................................... 5

*Alston v. Select Garages LLC*,
   2013 WL 3357172 (S.D.N.Y. July 3, 2013) ........................................................................ 6, 7

*Covad Commc'ns,*
   267 F.R.D. at 24 (D.D.C. 2010) ............................................................................................ 7

*Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*,
   1987 WL 11994 (D.D.C. May 26, 1987) ................................................................................ 3

*Schneider v. Chipotle Mexican Grill, Inc.*,
   No. 16-cv-02200, 2017 WL 4127992 (N.D. Cal. Sept. 19, 2017) .......................................... 5

*Taylor v. Nat'l Consumer Coop.*,
   1996 WL 525322 (D.D.C. Sept. 10, 1996) ............................................................................ 3

*Westmoreland v. CBS, Inc.*,
   770 F.2d 1168 (D.C. Cir. 1985) ............................................................................................ 6

**Rules and Regulations**

Fed. R. Civ. P. 30(a) ..................................................................................................................... 6

Fed. R. Civ. P. 45(f) ..................................................................................................................... 6

Plaintiffs Ryan W. Zimmerman and Ryan J. Howard (collectively "Plaintiffs") submit this reply brief in further support of their Emergency Motion to Compel ("Motion") pursuant to Rules 30, 45, and 37 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

After months of obstinate refusal, Al Jazeera has caved and is finally agreeing to do what it should have done in July—offer to make Dr. Mostefa Souag ("Souag") available for a deposition.  Unfortunately, Al Jazeera has conditioned its belated offer on unreasonably restrictive terms that are unworkable and inappropriate.  In particular, Al Jazeera has unilaterally decided to limit Souag's deposition to a mere 1.5 hours on October 22, 2018 —ten days *after* the close of fact discovery and right before expert reports are due, and after the completion of another deposition already scheduled for October 10 in Doha, Qatar.  The Court should reject Al Jazeera's half-hearted and untimely attempt to cure its discovery deficiencies and compel Souag to sit for a deposition not to exceed seven (7) hours *prior* to the completion of fact discovery.

As discussed in Plaintiffs' opening memorandum, Plaintiffs have a significant interest and need in developing the testimony of Souag who (i) served as the Acting Director General of Al Jazeera Media Network at the time Defendants Al Jazeera America, Al Jazeera Media Network, Al Jazeera International (USA), Inc., and Deborah Davies (collectively, "Al Jazeera") broadcasted the Documentary; (ii) personally approved the Documentary for broadcast; (iii) drafted a key portion of the Al Jazeera Media Network's Editorial Standards; and (iv) served as Chairman of the Al Jazeera America Board of Directors at the time the Board abruptly decided to shut down Al Jazeera America just days after the Documentary aired.  Although Plaintiffs do not expect Souag's deposition to approach the permitted seven (7) hour mark, Plaintiffs should be entitled to explore these—and any other related and relevant topics—at a full deposition of Souag prior to close of fact discovery.

## ARGUMENT

## I.     THE COURT SHOULD COMPEL SOUAG'S DEPOSITION

Al Jazeera misguidedly attempts to defend its refusal to make Souag available for a deposition on reasonable terms by relying on the "apex doctrine."  As explained in Plaintiffs' Motion, however, it is not settled that the apex doctrine even applies to corporate executives in the District of Columbia (Mot. at 12 (citing D.D.C. authority)), and Al Jazeera fails to establish that it does (Opp. at 15-16 (citing a Northern District of California decision)).  In any event, even if the apex doctrine were to apply, Al Jazeera has shown no reason why Souag should be excused from his deposition under this theory.

*First*, Al Jazeera's suggestion that Souag is simply too busy to sit for a proper deposition is highly curious.  *See* Opp. at 10 ("Dr. Souag should not be dragged from his significant responsibilities to attend a deposition"); Souag Decl. (ECF No. 143-1) ¶ 6.  Plaintiffs have made repeated attempts since late July 2018 to depose Souag.  *See* ECF Nos. 136-6, 136-7, 136-8, 136-10. Plaintiffs have also proposed numerous dates to accommodate Souag's schedule in an effort to minimize any disruption to Al Jazeera.  *See id.*  Moreover, Plaintiffs have further offered to take Souag's deposition in Doha, where he is based.  *See* Mot. at 12-13.  As such, Al Jazeera's claim that Souag is unable to find time to sit a full, meaningful deposition is dubious at best.  Al Jazeera has had more than two months to find a date and time prior to the completion of fact discovery for Souag to sit for a deposition in a way that would minimize disruption to Souag or Al Jazeera.  Additionally, Al Jazeera's claim that Souag is too busy to sit for an important deposition is belied by the fact that just this week Souag flew halfway around the world to have lunch in Washington D.C.  That Souag may feel somewhat inconvenienced by the deposition does not mean that the deposition is intended to (or does, in fact) harass Souag, as Al Jazeera

wrongly suggests (Opp. at 1); to the contrary, as discussed in the Motion and further below, Souag is a critical witness with percipient knowledge.

**Second**, Al Jazeera's assertions that Souag does not have unique firsthand knowledge are meritless and contradicted by the discovery record in this case, which shows his unique and superior knowledge of several topics, including the approval of the Documentary, the applicability of Al Jazeera's Editorial Standards, and the closure of Al Jazeera America. *See* Mot. at 13 (citing deposition testimony and documentary evidence). Importantly, Al Jazeera does not dispute that Souag has or had knowledge about these important topics. Instead, Al Jazeera claims that Souag simply does not **recall** certain facts or communications related to these topics. Based on Souag's convenient amnesia, Al Jazeera claims that Souag is, therefore, excused from his obligation to sit for a deposition. But Al Jazeera is wrong; lack of memory is no basis to excuse a witness from a deposition. For one, Plaintiffs are entitled to test Souag's memory and attempt to refresh his recollection. And to the extent Souag still does not recall certain important facts, that itself is relevant and noteworthy, particularly here where the facts Souag claims to have forgotten relate to Charlie Sly's. *See Taylor v. Nat'l Consumer Coop.*, 1996 WL 525322, at *1 (D.D.C. Sept. 10, 1996) (holding that despite defendant's "assertion that [President and CEO] presently lacks first-hand knowledge of any such conversation, [plaintiff] is at least entitled to test that professed ignorance"); *see also Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 1987 WL 11994, at *2 (D.D.C. May 26, 1987) ("The reason why [the Chairman's] alleged lack of knowledge is not a sufficient ground to prevent a deposition is obvious. The very purpose of the deposition discovery is to test the extent of the deponent's knowledge and claims of ignorance.").

As to the closure of Al Jazeera America, Souag indisputably has superior knowledge of the reasons why Al Jazeera America's Board voted to close the network in the immediate aftermath of the Documentary. *See* Mot. at 10-11 (citing ECF No. 136-13). Indeed, in their Opposition, Al Jazeera acknowledges Souag's responsibilities over high-level strategic decisions, and does not dispute his involvement in the decision to close Al Jazeera. *See* Opp. at 3, 10; *see also* Souag Decl. (ECF No. 143-1) ¶¶ 2-4. Instead, Al Jazeera claims that this closure is not relevant to Plaintiffs' claims, seemingly because it postdates the broadcast of the Documentary. Opp. at 13. However, this argument is not compelling. Although the actual decision to announce Al Jazeera America's closure came after the filing of this lawsuit, the discussions among the Al Jazeera America Board of Directors, including Souag, relating to Al Jazeera America's continued viability as a news channel started well before this action was instituted. *See* Dep. Tr. of Al Anstey, dated Jan. 27, 2017 (from *Gupta v. Al Jazeera America, LLC*, 16-cv-2980 (S.D.N.Y) (Exhibit A). As discussed in Plaintiffs' Omnibus Motion to Compel, testimony relating to the decision to close Al Jazeera America is directly relevant to actual malice, and thus relevant to Plaintiffs' claims. *See* ECF No. 98-1 at 18–21.

Regarding Al Jazeera Media Network's Editorial Standards, Al Jazeera argues that these standards "are being misinterpreted if not misrepresented by Plaintiffs" and that language regarding sourcing and covert filming cited by Plaintiffs "is irrelevant to the Documentary." Opp. at 12. Plaintiffs disagree that they are misrepresenting the Editorial Standards, which clearly state that they apply to Al Jazeera personnel. But to the extent there is any confusion or misunderstanding of the meaning and interpretation of Al Jazeera Media Network's Editorial Standards, that only heightens the need for Souag to testify to clarify these issues. As the author

of the foreword to the Al Jazeera Media Network's Editorial Standards, and the Acting Director of Al Jazeera Media Network, Souag is uniquely situated to resolve this confusion.

*Third*, because of Souag's specific roles related to the Documentary, Editorial Standards, and Al Jazeera America closure he ***does*** have unique and superior knowledge, and Al Jazeera has failed to support its claim that that less intrusive discovery is readily available, including testimony from lower-level employees directly involved with the Documentary. ████████

████████████████████████████████████████████

████████████████████████ *See* ECF No. 134-2 at 401:9–402:22. ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████. *See* ECF No. 134-3 at 122:2–17. It is Souag, who served as Chairman of the Al Jazeera America Board of Directors, who would possess this knowledge and should be questioned about the precise reasons why Al Jazeera America closed.

*Finally*, the cases cited by Al Jazeera in support of its apex theory are easily distinguishable. For example, Al Jazeera cites *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 4127992, at *2 (N.D. Cal. Sept. 19, 2017), for the proposition that Plaintiffs should not be able to compel the deposition of a witness who "has no meaningful detail to offer." But there, the Northern District of California observed that "it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances" and noted that "[w]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* (internal quotation marks omitted). Nevertheless, the court reasoned that with respect to the witness at issue, the plaintiffs had "fail[ed] to identify what information they believe [he] has that has not been otherwise produced in discovery" or "explain

why [he] has *unique* personal knowledge of the facts." *Id.* This is not the case here. *See* Mot. at 6–13. Nor is this a case like *Affinity Labs of Texas v. Apple, Inc.*, CW JL, 2011 WL 1753982, at *16 (N.D. Cal. May 9, 2011), also cited by Al Jazeera, in which the *sole* asserted basis for deposing the witness at issue was a number of statements that the CEO of Apple had made in press releases and other entirely public settings. *Id.* (plaintiff's argument that CEO had relevant first-hand knowledge was based "only on Mr. Jobs' public statements regarding Apple products or other patents or lawsuits"). In contrast, this is not a case in which the high-level executive sought to be deposed had no knowledge of the underlying issues that are central to the case. *See* Mot. at 6–13.

## II.   THE COURT SHOULD AWARD PLAINTIFFS' COSTS AND FEES FOR THIS MOTION

Plaintiffs are entitled to their costs and fees associated with having to pursue this Motion. This is particularly so given that Al Jazeera has effectively conceded the merits of Plaintiffs' Motion by agreeing to present Souag for a deposition (albeit on unreasonably restrictive terms). Fees and costs are also appropriate in light of Al Jazeera's obstinate refusal to present Souag for his deposition, notwithstanding Plaintiffs' validly served deposition notices and subpoenas. *See Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1175 (D.C. Cir. 1985) ("[I]f the deponent fails to obey the subpoena, he or she may be deemed in contempt of court.") (citing Fed. R. Civ. P. 45(f)); *see also Covad Commc'ns Co.v. Revonet, Inc.*, 267 F.R.D. 14, 24 (D.D.C. 2010) ("Sanctions are appropriate when a party, after being served with proper notice, fails to appear for a deposition.") (citing Fed. R. Civ. P.37(d)(1)(A)).

Al Jazeera hopes to avoid this result by claiming that "Dr. Souag was not validly noticed or served with any subpoena such that his deposition would be compulsory." Opp. at 16. This is not true. Each of the subpoenas and deposition notices were properly served on Al Jazeera—***Dr.***

*Souag's counsel*—via email, *a means to which Al Jazeera has expressly agreed to accept service*. *See* E-mail from R. Stevens to E. Thompson, dated May 12, 2017 (stating that "Defendants agree to service via email") (Exhibit B). Plaintiffs have served via e-mail numerous deposition subpoenas and notices seeking the deposition of nearly a dozen Al Jazeera employees. At no point has Al Jazeera ever claimed that e-mail service was somehow ineffective. Nor was it improper to serve a Rule 45 subpoena on Souag. Rule 45 expressly permits a party to issue a Rule 45 subpoena on a non-cooperating party witness. *See* Fed. R. Civ. P. 30(a) ("The deponent's attendance may be compelled by subpoena under Rule 45."); *see also Alston v. Select Garages LLC*, 2013 WL 3357172, at *3 (S.D.N.Y. July 3, 2013) ("Rule 45[] [is] a vehicle to compel a non-cooperating party to attend a deposition."). Nor has Al Jazeera cited to any authority to support its position that Plaintiffs were somehow required to state on the face of the subpoena or deposition notice that Souag was being deposed in his official capacity. In short, Al Jazeera should have promptly moved to seek a protective order or otherwise moved to quash Plaintiffs' validly issued deposition notices and subpoenas. *See Covad Commc'ns*, 267 F.R.D. at 24 ("Failure to appear [at a deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order."). It did not. Plaintiffs should, therefore, be awarded their fees and costs associated with having to pursue this Motion. *See id.*

## CONCLUSION

For these reasons, and those set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court grant their Motion.


Date:  October 4, 2018

/s/ *William A. Burck*
William A. Burck (#979677)

Scott E. Lerner (#1024964)
Allison L. McGuire (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Fax: (202) 538-8100
Williamburck@quinnemanuel.com
Scottlerner@quinnemanuel.com
Allisonmcguire@quinnemanuel.com

Robert L. Raskopf (admitted *pro hac vice*)
Kevin S. Reed (admitted *pro hac vice*)
Ellyde R. Thompson (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Fax: (202) 849-7100
robert.raskopf@quinnemanuel.com
kevinreed@quinnemanuel.com
ellydethompson@quinnemanuel.com

*Counsel for Plaintiff Ryan W. Zimmerman*

/s/ *Andrew D. Herman*
Andrew D. Herman (#462334)
Miller & Chevalier Chartered
900 16th Street NW
Washington, DC 20006
Telephone: (202) 626-5869
Fax: (202) 626-5801
aherman@milchev.com

*Counsel for Plaintiff Ryan J. Howard*

**Certificate of Service**

I hereby certify that a copy of **Plaintiffs Ryan W. Zimmerman's and Ryan J. Howard's Reply In Further Support of Their Emergency Motion to Compel the Deposition of Dr. Mostefa Souag** and **accompanying exhibits** were served upon the following counsel for Defendants Al Jazeera Media Network, Al Jazeera International (USA) LLC (formerly known as Al Jazeera International (USA), Inc.), Al Jazeera America, LLC, and Deborah Davies on October 4, 2018 at the following e-mail addresses:

Andrew Deutsch—andrew.deutsch@dlapiper.com

Rachel Stevens—rachel.stevens@dlapiper.com

Charles Scheeler—charles.scheeler@dlapiper.com

Michael Hynes—Michael.Hynes@dlapiper.com

Teale Toweill—Teale.Toweill@dlapiper.com

Ellen Dew—Ellem.Dew@dlapiper.com

/s/ Scott E. Lerner
Scott E. Lerner