IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES<br><br>Petitioners,<br><br>vs.<br><br>GIBSON, DUNN & CRUTCHER LLP, AND PHENIX INVESTIGATIONS, INC.<br><br>Respondents. | Civil Action<br>No. 16-cv-13 (KBJ/RMM)<br>No. 16-cv-14 (KBJ/RMM)<br><br>*Related Case*<br><br>No. 1:18-mc-00045 (KBJ/RMM) |

**RESPONSE TO PETITIONERS' SUR-REPLY**

Al Jazeera's sur-reply is an attempt to manufacture a "new" development from an irrelevant and unremarkable document production.

The documents in question—AT&T Mobility LLP's ("AT&T") telephone records—have nothing to do with whether the Respondents should be compelled to endure the burdensome and prejudicial discovery Al Jazeera seeks. Instead, these documents merely confirm information that Al Jazeera was already aware of at the time of the prior briefing in this matter. In other words, the information purportedly underlying Al Jazeera's sur-reply—that Charlie Sly had prior contact with investigators from Phenix—is not new. To the contrary, Sly's contacts with Phenix were undisputed, and their import (or lack thereof) was fully addressed in the prior briefing. ECF Dkt. No. 133, Sur-reply Mot. at 2 (explaining "Petitioners sought discovery from Phenix and GDC" precisely because they were aware of contact between Sly and Phenix); *see also* ECF Dkt. No. 16 in 1:18-mc-00045, Phenix's Opp'n to Pet'rs Mot. to Compel at 5 (acknowledging existence of communications between Phenix and Sly). As a result, Al Jazeera's sur-reply does

not contain any newfound information that could or should inform the Court's analysis regarding the pending motions in this matter.

Even if the AT&T telephone records were somehow new or elucidating, however, they do not support Al Jazeera's motions to compel discovery from Gibson Dunn or Phenix. Rather, the sur-reply and its attachments only further demonstrate why the Court should grant Gibson Dunn's and Phenix's motions to quash: the discovery sought by Al Jazeera is irrelevant and unduly burdensome to non-parties and their counsel.

**I.     The Discovery Al Jazeera Seeks Is Not Relevant to Al Jazeera's Defenses.**

The central dispute in the underlying litigation is whether Al Jazeera acted with actual malice when it broadcast "The Dark Side" based on what it knew about Sly and his credibility at the time of the broadcast. Since "[t]he actual malice inquiry focuses on the defendant's state of mind at the time of publication," *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 118 (D.C. Cir. 2017), *cert. denied sub nom. Von Kahl v. Bureau of Nat. Affairs, Inc.*, 138 S. Ct. 366 (2017), information that Al Jazeera learned *after* its decision to broadcast the documentary—including any knowledge it gained about Sly in the immediate aftermath of its decision or through its discovery in the underlying litigation—is irrelevant as a matter of law. *See, e.g.*, ECF Dkt. No. 89-1, Gibson Dunn's Opp'n to Pet'rs Mot. to Compel at 22-23 (explaining overbroad subpoenas should be quashed because they seek information that is categorically irrelevant to Al Jazeera's state of mind when it elected to broadcast "The Dark Side"). Indeed, as Al Jazeera concedes, the Court has permitted Plaintiff's defamation claims to proceed "based on Al Jazeera's *awareness* of Sly's denials" at the time of publication. Sur-reply at 4 (emphasis added) (citing *Zimmerman v. Al Jazeera America, LLC*, 246 F. Supp. 3d 257, 283-84 (D.D.C. 2017)).

The information Al Jazeera now seeks—including information regarding the substance of any communications between Sly and Phenix of which Al Jazeera was *not aware* at the time of

2

the broadcast—is therefore irrelevant. Al Jazeera's efforts to gather such overbroad discovery to support its post hoc justifications for its conduct should be denied.

**II.     The Discovery Al Jazeera Seeks Would Impose an Undue Burden on the Mannings and the Manning Legal Team.**

Al Jazeera, which has served over 100 third-party subpoenas in this matter, seeks much more than information regarding Sly's communications from the Mannings. Its third-party subpoenas targeting the Mannings seek broad categories of documents, including highly sensitive medical information about Ashley Manning, a deposition of the Mannings' counsel, documents regarding Gibson Dunn's legal representation of the Mannings, and documents concerning Mr. Manning's agent, among other sweeping categories of documents. Al Jazeera must make a heightened showing before the Court may allow Al Jazeera to impose the pronounced burdens of these overbroad third-party subpoenas on non-parties and their counsel. *In re Subpoena to Goldberg*, 693 F. Supp. 2d 81, 88 (D.D.C. 2010); *see also Premier Election Sols., Inc. v. Systest Labs Inc.*, Civ. A. No. 09-1822 (WDM/KMT), 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009). Compliance with these sweeping requests would be unduly burdensome, particularly for a non-party—especially given the extremely attenuated and legally insufficient theory of relevance articulated by Al Jazeera. The Mannings will have to pay substantial legal fees to have their counsel undertake the review (including detailed privilege review) and production that the subpoenas demand. Indeed, as a result of this subpoena dispute, the Mannings have already incurred significant legal fees. The Mannings, Phenix, and Gibson Dunn should not be subjected to any further costs or harassment from Al Jazeera's irrelevant and unreasonable discovery demands.

Against these substantial burdens, Al Jazeera offers only two arguments as to why it should get the discovery it wants, neither of which turns on the AT&T records. First, Al Jazeera

suggests that it can seek the overbroad discovery from Gibson Dunn and Phenix even if it would also be available from Sly.  Sur-reply at 4.  That is incorrect where, as here, demanding the discovery from the Manning Legal Team will necessarily infringe on the Mannings' legal privileges.  *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co*., 276 F.R.D. 376, 380-82 (D.D.C. 2011).  Moreover, the cases cited by Al Jazeera do not support their position.  In *Estate of Klieman v. Palestinian Authority*, 272 F.R.D. 253 (D.D.C. 2011), the estate of a U.S. citizen killed in a terrorist attack sought discovery from individuals associated with the defendant terrorist organizations alleged to have killed him.  In *U.S. Department of Treasury v. Pension Benefit Guaranty Corporation*, 301 F.R.D. 20 (D.D.C. 2014), the plaintiffs in the underlying litigation sought information that was in the exclusive control of the Treasury Department regarding its former employees and their role in terminating certain pension plans.  Neither case addressed the circumstances here, where Al Jazeera seeks unbridled discovery from non-parties that are entirely *unrelated* to either party in the underlying litigation.  Moreover, neither case says anything at all regarding whether Al Jazeera can impinge on the Mannings' legal privileges when the information it seeks is plainly available elsewhere.

Al Jazeera's reliance on *BuzzFeed, Inc. v. U.S. Department of Justice*, 318 F. Supp. 3d 347 (D.D.C. 2018), is similarly misplaced.  In that case, the court granted motions to compel where BuzzFeed sought limited discovery from several government agencies regarding sensitive, nonpublic information that was "uniquely within the possession of the Government Respondents . . . ." *Id.* at 360.  Significantly, the government respondents acknowledged that the discovery BuzzFeed sought could only be obtained from them. *Id*.  Here, non-parties Gibson Dunn and Phenix do not possess any unique knowledge about the circumstances regarding Sly's

recantation. Sly is the best source of information regarding the sincerity of his recantation, and the fact that locating Sly has proven inconvenient for Al Jazeera does not change the analysis.

Second, Al Jazeera argues that it is entitled to the discovery from Gibson Dunn and Phenix *because* Sly is unavailable. Sur-reply at 4. But its sur-reply exposes Al Jazeera's gamesmanship: Al Jazeera served its first subpoenas on Gibson Dunn over one year ago, in September 2017, and served its subpoenas on Phenix just two months later. As the Stevens Declaration reveals, however, Al Jazeera did not even *attempt* to serve Sly with a subpoena until April 2018—nearly seven months after it first served Gibson Dunn, and two months *after* it filed its motion to compel. Stevens Decl. ¶ 10. Al Jazeera cannot now credibly contend that its recent inability to obtain discovery from Sly justifies its long-standing pursuit of the Mannings and the Manning Legal Team.

Al Jazeera has long set its sights on the Manning Legal Team, in hopes that information it obtains from these non-parties will support its attempts to rewrite history regarding its knowledge at the time of the broadcast. But Al Jazeera should not be permitted to pursue the Mannings' legal counsel, particularly given the categorical irrelevance of the information it seeks to the underlying litigation, and the attendant burdens of producing any information that could implicate their clients' legal privileges.

For these reasons and those previously provided, Al Jazeera's motion to compel should be denied; Gibson Dunn's and Phenix's motions to quash should be granted; and Al Jazeera should be enjoined from any further efforts to mire the Mannings and their counsel in this litigation to which they are not parties.

Dated:  October 5, 2018

        Respectfully submitted,

        /s/  *Matthew D. McGill*

           Matthew D. McGill (D.C. Bar # 481430)
           Chantale Fiebig (D.C. Bar # 487671)
           Edward C. Patterson (D.C. Bar # 1023902)
           GIBSON, DUNN & CRUTCHER LLP
           1050 Connecticut Avenue NW
           Washington, D.C. 20036
           (202) 887-3680

        *Attorneys for Respondents*
        *Gibson, Dunn & Crutcher LLP and*
        *Phenix Investigations, Inc.*