# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN W. ZIMMERMAN,<br><br>    Plaintiff,<br>  v.<br><br>AL JAZEERA AMERICA, LLC, et al.,<br><br>    Defendants. | Case No. 1:16-cv-13-KBJ-RMM |
| RYAN J. HOWARD<br><br>    Plaintiff,<br>  v.<br><br>AL JAZEERA AMERICA, LLC, et al.,<br><br>    Defendants. | Case No. 1:16-cv-14-KBJ-RMM |

**PLAINTIFFS RYAN W. ZIMMERMAN'S AND RYAN J. HOWARD'S PARTIAL OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO MODIFY THE AMENDED SCHEDULING ORDER GOVERNING DISCOVERY**

  Plaintiffs Ryan W. Zimmerman and Ryan J. Howard (collectively "Plaintiffs") submit this partial opposition to the Emergency Motion to Modify the Amended Scheduling Order Governing Discovery ("Motion" or "Mot.") filed by Defendants Al Jazeera America, Al Jazeera Media Network, Al Jazeera International (USA), Inc., and Deborah Davies (collectively, "Al Jazeera") seeking to "extend all deadlines in the Scheduling Order by thirty (30) days . . . , other than the October 12, 2018 fact discovery deadline." Mot. at 1. In light of the Court's recent order permitting depositions in Doha, Qatar to occur after the deadline for the close of fact discovery,[1]

---

[1] *See* ECF No. 150 (granting motion to compel deposition, allowing depositions to be completed by October 31, 2018).

Plaintiffs are amenable to a modest two-week extension of the Amended Scheduling Order Governing Discovery ("Scheduling Order") and propose the following:

| Event | Date |
|---|---|
| Completion of fact depositions and discovery, absent good cause (except for any fact discovery subject to a motion to compel or motion for protective order filed on or before this date) | October 12, 2018 |
| Identification of opening expert witnesses | October 26, 2018 |
| Exchange preliminary list of trial witnesses (any fact witness disclosed on this list who has not already been deposed can be deposed within 30 days following this witness designation) | November 16, 2018 |
| Exchange of opening expert reports and production of all materials relied upon by experts | November 16, 2018 |
| Identification of rebuttal expert witnesses | December 5, 2018 |
| Exchange of rebuttal expert reports and production of all materials relied upon in rebuttal expert reports and not produced previously by the parties | December 12, 2018 |
| Completion of expert discovery, including expert depositions | January 9, 2019 |

Plaintiffs, however, oppose the excessive thirty (30) day extension that Al Jazeera seeks. Al Jazeera contends that a thirty (30) day extension is necessary "in order to facilitate the resolution of twelve (12) discovery motions currently pending before this and other courts[.]" Mot. at 2. What Al Jazeera fails to note, however, is that the vast majority of the motions that are pending before the Court stem from (i) Al Jazeera's repeated refusal to produce relevant discovery to Plaintiffs; and (ii) Al Jazeera's failure to timely and diligently pursue discovery from third parties. As to the first point, Al Jazeera offers no explanation as to how the Court's ruling on the pending discovery motions related to *Al Jazeera's own refusal* to provide full and complete discovery impacts Al Jazeera's own experts' testimony in this matter. Mot. at 2. Al Jazeera's argument in

this regard simply seeks to use its own baseless refusals to provide relevant and appropriate discovery as a means to extract yet another extension of the Scheduling Order. The Court should not endorse this tactic.

As to the second point, Al Jazeera failed to act diligently in pursuing the third-party discovery subject to the remainder of the pending discovery motions, and Al Jazeera's lack of diligence does not provide a basis to extend the Scheduling Order for thirty (30) days. Certain of these pending motions relate to subpoenas that were issued to various third parties more than six (6) months ago and for which Al Jazeera only belatedly sought to enforce. For example, Al Jazeera filed a motion to compel the production of documents from Major League Baseball ("MLB") on August 31, 2018—*ten (10) months* after it first served the subpoena it now seeks to enforce. Al Jazeera's failure to diligently pursue discovery from MLB is inexcusable. Indeed, Al Jazeera represented to the Court well over a year ago that it anticipated resistance from MLB in response to a subpoena. *See* Hr'g. Tr., dated July 26, 2017 at 12:6–13 ("We think we are going to need third-party discovery in that respect, which is going to involve us to go to seek medical records, to seek [MLB] baseball testing records. We know for a fact that my colleague who has dealt with some of the [MLB] people in the past that they have a policy of resisting such subpoenas. So that is going to take us time, we think, to get the information."). Despite this belief, Al Jazeera took no steps to enforce its MLB subpoena for ten (10) months, until the eve of the close of fact discovery. Here again, the Court should not permit Al Jazeera to extend the Scheduling Order given its failure to diligently pursue discovery from MLB.

The same is true for Al Jazeera's untimely attempts to seek six (6) years of unbounded phone records for Plaintiffs, including phone records of communications between Plaintiffs and their family members, through subpoenas issued only weeks ago, which have resulted in recent

motions to quash filed by Plaintiffs.  *Zimmerman et al v. Al Jazeera America, LLC et al*, 18-mc-00130 (KBJ) (D.D.C); *Zimmerman et al v. Al Jazeera America, LLC et al*, 18-mc-23753 (KMW) (S.D. Fl.).  But again, Al Jazeera had all of the information it needed to pursue this third-party discovery as of November 2017 when Plaintiffs provided Al Jazeera with their phone numbers and wireless provider information.  Al Jazeera took no steps to obtain Plaintiffs' phone records for ten (10) months until late August and mid-September 2018.  Al Jazeera's delay is particularly galling since it represented to the Court more than a year ago that it planned to "[i]nspect[] and imag[e] [] Plaintiffs' cell phones and other personal electronic devices."  ECF No. 51 at 5.  Yet again, Al Jazeera took no steps to require an inspection or imaging of Plaintiffs' cell phones until the close of fact discovery.

Finally, given the sheer volume of pending motions, Al Jazeera has no basis for its assertion that a thirty (30) day extension would prevent the need for the supplementation of any expert reports, Mot. at 2, particularly given Al Jazeera's representation that it may yet file additional motions to compel, *id.* at 2 n.3.

In short, Al Jazeera's supposed need for more time is entirely self-inflicted, and the Court should not reward Al Jazeera's dilatory and obstructionist tactics with yet another lengthy extension of the already prolonged Scheduling Order.  Because the Doha, Qatar depositions are scheduled to take place approximately two weeks after the October 12, 2018 close of fact discovery, Plaintiffs are amenable to a commensurate extension of the schedule, as set forth above.

Date:  October 11, 2018

                /s/ *William A. Burck*
                William A. Burck (#979677)
                Scott E. Lerner (#1024964)
                Allison L. McGuire (admitted *pro hac vice*)
                James C. McGlinchy (admitted *pro hac vice*)

Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
scottlerner@quinnemanuel.com
allisonmcguire@quinnemanuel.com
jamesmcglinchy@quinnemanuel.com

Robert L. Raskopf (admitted *pro hac vice*)
Kevin S. Reed (admitted *pro hac vice*)
Ellyde R. Thompson (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Fax: (202) 849-7100
robertraskopf@quinnemanuel.com
kevinreed@quinnemanuel.com
ellydethompson@quinnemanuel.com

*Counsel for Plaintiff Ryan W. Zimmerman*

/s/ *Andrew D. Herman*
Andrew D. Herman (#462334)
Miller & Chevalier Chartered
900 16th Street NW
Washington, DC 20006
Telephone: (202) 626-5869
Fax: (202) 626-5801
aherman@milchev.com

*Counsel for Plaintiff Ryan J. Howard*

**Certificate of Service**

I hereby certify that a copy of Plaintiffs Ryan W. Zimmerman's and Ryan J. Howard's Partial Opposition to Defendants' Emergency Motion to Modify the Amended Scheduling Order Governing Discovery was served upon the following counsel for Defendants Al Jazeera Media Network, Al Jazeera International (USA) LLC (formerly known as Al Jazeera International (USA), Inc.), Al Jazeera America, LLC, and Deborah Davies on October 11, 2018 at the following e-mail addresses:

    Andrew Deutsch—andrew.deutsch@dlapiper.com

    Rachel Stevens—rachel.stevens@dlapiper.com

    Charles Scheeler—charles.scheeler@dlapiper.com

    Michael Hynes—Michael.Hynes@dlapiper.com

    Teale Toweill—Teale.Toweill@dlapiper.com

    Ellen Dew—Ellen.Dew@dlapiper.com

                                                    /s/ Scott E. Lerner
                                                    Scott E. Lerner