```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
_____

Ryan W. Zimmerman, et al.,     ) Civil Action
                               ) No. 1:16-cv-00013-KBJ-RMM
              Plaintiffs,      )
                               )
vs.                            ) Status Hearing
                               ) (via teleconference)
Al Jazeera America, Inc.,      )
et al.,                        ) Washington, D.C.
                               ) October 29, 2020
              Defendants.      ) Time:  2:04 p.m.
_____

         Transcript of Status Hearing (via teleconference)
                           Held Before
      The Honorable Magistrate Judge Robin M. Meriweather
                      (via teleconference)
                  United States Magistrate Judge
_____

                       A P P E A R A N C E S

   For the Plaintiffs:          Allison McGuire
   (via teleconference)         Robert L. Raskopf
                                QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP
                                1300 I Street, Northwest, Suite 900
                                Washington, D.C. 20005

   For the Defendants:          Michael D. Hynes
   (via teleconference)         Lane Earnest McKee
                                DLA PIPER LLP
                                1251 Avenue of the Americas
                                New York, New York 10020

                                Alicia L. Shelton
                                ZUCKERMAN SPAEDER, LLP
                                100 East Pratt Street Suite 2440
                                Baltimore, Maryland 21202

                                Matthew M. Graves
                                DLA PIPER LLP (US)
                                500 Eighth Street, Northwest
                                Washington, D.C. 20004

   Proceedings recorded by FTR Gold Electronic Recording Software.
```

```
Transcribing Stenographic Court Reporter:
                        Nancy J. Meyer
                        Registered Diplomate Reporter
                        Certified Realtime Reporter
                        United States Courthouse, Room 6509
                        333 Constitution Avenue, Northwest
                        Washington, D.C. 20001
                        202-354-3118
```

P R O C E E D I N G S

THE COURTROOM DEPUTY: This Honorable Court is now in session. Magistrate Judge Robin M. Meriweather presiding.

Civil Action 2016-13, Ryan W. Zimmerman, et al. v. Al Jazeera America, LLC, et al. Alicia [sic] McGuire and Robert Raskopf representing the plaintiffs. Matthew Graves, Michael Hynes, and Alicia Shelton representing the defendants.

This is a telephone status hearing.

THE COURT: Okay. Good afternoon again. This is Judge Meriweather.

I scheduled this status hearing because of the request to lift the stay to allow expert discovery. As you know and as I know, there are many discovery motions pending. I had initially intended to release my rulings on them all in fairly close proximity to each other, but given that the -- my opinions for the different pending motions are in various stages, depending on the motion, I no longer think that makes sense, and I'm just going to start issuing them on a rolling basis so that we can get these -- get them resolved and get the case moving again. I know you have been waiting for a very long time, and, quite frankly, but for the pandemic I would have had them all done by now, but circumstances intervened.

With that said, I am sensitive to the fact that the -- there -- there -- things have been on hold for some time, and so I want -- I do have some questions that will help me decide

1    what to do about the stay request.
2             The first -- first question is -- I know that
3    plaintiffs' counsel requested that the stay be lifted so that
4    expert reports and discovery could be -- could resume, and
5    in -- and in that request there was an indication that
6    defendants declined to join the request.  So before I get into
7    the substance, I guess I first want to know is this a contested
8    request?  Do defendants -- without going in detail yet into the
9    reasons why or -- why or why not, do the defendants oppose the
10   request to allow expert discovery to proceed, which in
11   practical terms would mean it would proceed before I have
12   finished resolving all of the pending discovery motions?
13            MR. HYNES:  Yes, Your Honor, we object to that
14   request.
15            THE COURT:  Okay.  Thank you.
16          Now that I know it's --
17            THE COURTROOM DEPUTY:  Counsel, this is Kymberly Kay.
18   I'm sorry.  Since this is being recorded, when you speak, if
19   you could state your name so that we know who is objecting.
20   Thank you.
21            MR. HYNES:  Sure.  Thank you, Ms. Kay.
22          This is Michael Hynes from DLA Piper, Your Honor, and we
23   do object to the request to resume expert discovery before the
24   motions are resolved.
25            THE COURT:  Okay.  Thank you.

1              Okay.  So now let me go to the moving parties.  Can you
2     succinctly explain to me why you believe it makes sense to
3     resume expert discovery before I finish these motions?
4              MS. MCGUIRE:  Thank you, Your Honor.
5              MR. RASKOPF:  Good afternoon, Your Honor.  This is --
6     this is Bob Raskopf from Quinn Emanuel.
7          If you don't mind, I'm going to turn this over to my
8     colleague Allison McGuire, who's ready to go.
9              THE COURT:  Okay.  Great.  Ms. McGuire.
10             MS. MCGUIRE:  Thank you, Your Honor.
11         This case will have been pending for five years in
12    January, and fundamental fairness here demands that the case
13    move forward as quickly as possible.  And despite the fact that
14    there are these pending discovery motions, plaintiffs' position
15    is that expert discovery should move forward, that -- we would
16    respectfully request that the Court set an aggressive
17    scheduling deadline that would allow for prompt production of
18    any supplemental discovery required by resolution of the
19    motions.  And if the Court would set a summary judgment
20    briefing schedule that would allow summary judgment to be
21    completed in the next six months so we could get this case on
22    the trial docket for next year.  And plaintiffs are eager to
23    resolve their claims and to have the Court hear them and to be
24    able to put this matter behind them.
25             THE COURT:  And so my question for you is:  Do you

| | |
|---|---|
| 1 | take the position that -- I think I have 12 pending motions, |
| 2 | maybe -- I think it's 12.  However many pending motions there |
| 3 | are, do you believe that none of them -- my recollection is |
| 4 | that some of them affect timing of the -- of the scope in terms |
| 5 | of date ranges of certain discovery.  They're not all targeted |
| 6 | issues for specific productions.  But do you take a position |
| 7 | that my resolution of those motions would not affect the expert |
| 8 | discovery? |
| 9 |       MS. MCGUIRE:  Thank you, Your Honor.  This is Allison |
| 10 | McGuire, again, for plaintiffs. |
| 11 |     There would be impact from any resolution, but we think |
| 12 | that it would be little impact in that it is not worth any |
| 13 | additional delay in this matter. |
| 14 |       THE COURT:  And how many experts have you designated? |
| 15 |       MS. MCGUIRE:  Your Honor, plaintiffs have designated |
| 16 | three experts in this matter. |
| 17 |       THE COURT:  Okay.  And what types of expert testimony |
| 18 | do you anticipate there would be? |
| 19 |       MS. MCGUIRE:  At this point in time, the plaintiffs |
| 20 | anticipate a journalism expert, a damages expert, and a medical |
| 21 | expert specific to endocrinology. |
| 22 |       THE COURT:  Just a moment.  Okay.  Thank you. |
| 23 |     And -- and the three experts and you -- in your view is |
| 24 | that due to the timeliness; it's -- it's critical to just go |
| 25 | ahead with this expert discovery now and to the extent that |

1    there's additional discovery because of my resolution of the
2    pending motions, that there should just be supplemental
3    discovery on an expedited schedule?
4             MS. MCGUIRE:  Yes, Your Honor, that's exactly right.
5             THE COURT:  Okay.  Defendants, I'll hear from you.
6    Thank you.
7             MR. HYNES:  Thank you, Your Honor.  This is Michael
8    Hynes from DLA Piper.
9             Our fundamental view is while we're also acknowledging
10   that the case was commenced in 2016, that really doesn't impact
11   the utility of having to prepare basically twice as many expert
12   reports as you ordinarily would have to prepare.  So we have 12
13   motions pending.  Some of them are very, you know, critical,
14   deposition testimony of eyewitnesses to key events, such as the
15   motive for the hostage video that Charlie Sly recorded.
16            So going through a round of expert reports only to
17   conclude additional fact discovery, it's just going to lead to
18   a second round of expert reports.  So it's really not in the
19   end going to get us to summary judgment motions any more
20   quickly.  It's just going to make the -- the case more
21   expensive and create more expert reports.
22            We're more than happy to move quickly in response to
23   Your Honor's decisions on the fact discovery motions.  We're
24   both law firms with resources.  So we can work on -- on a fast
25   schedule crafted to address the results of your motions, but

1    to -- to double track expert discovery and fact discovery, have
2    those basically conclude at or around the same time and then
3    redo expert discovery to take into account all the facts --
4    factual discovery that came out of the motions, I don't see how
5    it helps get us to trial or summary judgment motions any more
6    quickly.  I only see it costing more money, creating the
7    potential for more disputes and -- and doubling the length of
8    expert discovery unnecessarily.
9            THE COURT:  Okay.  Thank you.
10       How many experts have the defendants identified, or have
11   the defendants identified any experts?
12           MR. HYNES:  Can I ask Ms. McKee to respond to that
13   question, Your Honor?
14           THE COURT:  Yes.
15           MS. MCKEE:  Hi, Your Honor.  Lane McKee for
16   defendants.
17       Defendants have designated four experts.
18           THE COURT:  Okay.  In what subject areas?
19           MS. MCKEE:  One journalism, one medical.
20           THE COURT:  Uh-huh.
21           MS. MCKEE:  One law enforcement expert, and the
22   fourth is an investigative expert with knowledge on
23   performance-enhancing drugs.
24           THE COURT:  Okay.  Thank you.
25           THE COURTROOM DEPUTY:  Ma'am, could you spell your

1 name, because I didn't call you on the calendar.  In case this

2 hearing has to be transcribed at some point, could you spell

3 your first and last name?

4       MS. MCKEE:  Yes, of course.  It's Lane, L-a-n-e,

5 McKee, M-c-K-e-e.

6       THE COURTROOM DEPUTY:  Thank you very much.

7       MS. MCKEE:  Thank you.

8       THE COURT:  Okay.  I have one other question not

9 related -- not directly related to the question of lifting the

10 stay.  This is more for my benefit, is figuring out the

11 sequence in which I will be getting these pending opinions out.

12       Are there -- of the pending motions, are there any that

13 you believe are potentially contingent on how I resolve the

14 others?  I'm -- I do have a -- I have spreadsheets and -- and

15 charts within my chambers, and I'm not -- I'm not physically in

16 the courthouse right now.  So I don't -- I don't have access to

17 those at the moment.  So I know we've made our own internal

18 assessment of -- of which of the motions we think needs to be

19 done in which order, but you-all are -- are certainly more in

20 the weeds of the case than we are, and I'll give you each a

21 chance to speak to that.

22       Plaintiffs, do you have any thoughts on -- on the

23 pending motions and there's some that you would think would

24 potentially affect others and so should perhaps either be

25 resolved together or -- or earlier?

1          MS. MCGUIRE:  Thank you, Your Honor.  Yes, this is
2   Allison McGuire for the plaintiffs.
3          From plaintiffs' perspective, there are two motions that
4   are particularly critical here, and that would be plaintiffs'
5   omnibus motion to compel, which is at ECF No. 98; and the
6   second is plaintiffs' motion to compel documents that were
7   improperly withheld for privilege, and that's available at
8   ECF No. 107.  From plaintiffs' view, these motions,
9   especially -- while both the omnibus and the motion to compel
10  documents improperly held for privilege are global issues that
11  could affect a resolution of other motions and that would
12  likely, depending on how the Court resolves them, require
13  further production of documents and affect whether or not
14  expert discovery can move forward in a -- in a meaningful way.
15         THE COURT:  Okay.  Thank you.
16      Then defendants, what's your perspective?
17         MR. HYNES:  Like plaintiffs, Your Honor, our
18  perspective is on our motions.
19         THE COURT:  Right.
20         MR. HYNES:  So I -- I don't -- I don't -- that's not
21  a criticism of plaintiffs.  It's just kind of the reality of
22  things.
23      The -- the way we have thought about the order,
24  Your Honor, is, number one, depositions, because the passage of
25  time can cause witnesses to be tempted to cite the passage of

1  time and explaining or stating that they don't have a memory of
2  what happened.  So the Gibson Dunn, Phoenix investigators, and
3  Major League Baseball are three subpoenas that have been
4  entirely resisted and include deposition requests for people
5  who have unique knowledge to the case.  So those are obviously
6  important to us for that reason.
7       The others have to do with the difficulty we have had
8  getting an explanation about what happened with plaintiffs'
9  phones.  So that kind of implicates the phone records and the
10 motion to compel a coherent explanation about what happened
11 with them and who searched them.
12      The deposition testimony confirms the -- the plaintiffs
13 themselves didn't really have a memory of that, and the -- the
14 lawyers suggested that the plaintiffs had done it.  So those
15 records would be helpful because they may lead to other
16 discoverable evidence.
17      And, lastly, Your Honor -- and this is really me trying
18 to be an advocate for the individual defendant Deborah Davies,
19 and that's our de-designation motion.  There has been a lot of
20 discovery, and the plaintiffs have designated about over 4,000
21 of those documents highly confidential, which under the terms
22 of the protective order have prevented me from sharing that
23 information with Ms. Davies and the other reporters who worked
24 on the case.  And that's caused them a lot of anxiety, I guess.
25 And it also has prevented me from getting feedback from them

1    about a lot of the evidence that's been collected.
2            So I'd be remiss if I didn't bring that up only because,
3    you know, the personal nature of having an individual client
4    like that.  Thank you.
5            THE COURT:  All right.  Thank you.
6            MS. MCGUIRE:  Your Honor, may I -- this is
7    Allison McGuire for the plaintiffs.
8            May I respond to that last point about the --
9            THE COURT:  Yes.
10           MS. MCGUIRE:  -- highly confidential documents?
11           THE COURT:  Yes.
12           MS. MCGUIRE:  Your Honor, plaintiffs and -- and
13   defendants negotiated and agreed to the protective order that's
14   in place in this case.  It provides for the parties to
15   designate highly confidential information, which includes
16   medical information.  Of course, the defendants here have
17   sought extensive discovery from the plaintiffs about their
18   medical information and are now complaining about properly
19   designated documents that contain the plaintiffs' medical
20   information.
21           It -- it -- it's -- the -- the -- the defendants'
22   lawyers here are able to share that information with
23   Al Jazeera's lawyers as they see fit, and that is the
24   appropriate outcome.
25           MR. HYNES:  Well, may I say three sentences,

```
 1    Your Honor?
 2              THE COURT:  I'm sorry.  Yes.
 3              MR. HYNES:  I'm sorry.  This is Michael Hynes again.
 4         Just in response to Ms. McGuire's statement, it's true
 5    we agreed to the protective order.  I take full responsibility
 6    for that mistake on behalf of my clients.  I had no idea that
 7    ████████████████████████████████████████████████████████████
 8    ████████████████████████████████████████████████████████████
 9    ████████████████████████████████████████████████████████████
10    really thought that meant blood results, X-rays, real doctors
11    providing real care.  And it's -- we've -- we've set forth in
12    our brief kind of a few of the examples that we think just have
13    taken that definition and made it so expansive that it just
14    doesn't resemble what I thought it was meant to -- to cover at
15    the beginning of the case.
16              THE COURT:  Oh, okay.
17         Okay.  Well, thank you.  This has been very helpful.  I
18    will take the motion to lift the stay under advisement and rule
19    by a minute order or very brief order.
20         Also, I will take your comments into account as I
21    structure our -- our schedule for releasing the opinions,
22    getting things finished, and given the things that are already
23    drafted, edited, and checked, bearing in mind the potential
24    connections between -- between the defense -- between the
25    different motions.  Because what I did not want to do was issue
```

1  some and then get to others and realize that I should have done
2  those first, which is why I initially was inclined to
3  release -- to not release any until they were all done.
4      But as I said at the beginning of this hearing, I am
5  sensitive to the amount of time that has passed.  So I -- I
6  have decided to just resolve them -- issue on a rolling basis
7  instead of holding them all until I have them all done.
8      So does anyone have anything else they want to present
9  to me before I conclude this hearing?
10         MS. MCGUIRE:  Nothing for the plaintiffs, Your Honor.
11 Thank you.
12         MR. HYNES:  Your Honor, Michael Hynes again.
13     I'm sure I speak for the plaintiffs as well in -- in
14 thanking you for your intention and recognizing how difficult
15 it must be with working from home to resolve, you know, 12
16 motions that take up four boxes of documents.
17         THE COURT:  Thank you.
18     And I hope you-all stay well and -- and stay safe in
19 these difficult times that we are -- that we are all living
20 through.  That concludes this hearing, and you're all excused.
21 Thanks again.
22         (The proceedings were concluded.)
23
24
25

CERTIFICATE

I do hereby certify that the foregoing is a true, correct, and complete transcript of the audio-recorded proceedings in this matter, audio recorded on October 29, 2020, and transcribed from the audio recording to the best of my ability, and that said transcript has been compared with the audio recording.

Dated this 15th day of November, 2020.

/s/ Nancy J. Meyer
Nancy J. Meyer, Official Court Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
United States Courthouse, Room 6509
333 Constitution Avenue Northwest
Washington, DC 20001
(202) 354-3118
nancy_meyer@dcd.uscourts.gov