# Exhibit 14

No. 16-cv-13 (KBJ/RMM)



**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Rachel V. Stevens
rachel.stevens@dlapiper.com
**T**  212.335.4552
**F**  212.884.8652

December 8, 2017

*VIA ELECTRONIC MAIL*

Gibson, Dunn & Crutcher LLP
Attn: Martin A. Hewett
1050 Connecticut Avenue NW
Washington, D.C. 20036

**Re:**   *Zimmerman/Howard v. Al Jazeera America, LLC, et al.*, No. 16-cv-00013 (KBJ)

Dear Martin:

On behalf of Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA) Inc., and Deborah Davies, defendants in the above-referenced action (collectively "Defendants"), we write concerning Gibson Dunn's November 10, 2017 Responses and Objections (the "Responses") to Defendants' document subpoena (the "Subpoena").

In its Responses to the Subpoena, Gibson Dunn refused to produce any documents. During our call on November 10, 2017, you stated that Gibson Dunn would not produce any documents, including "documents we believe we have that might be relevant," because, in Gibson Dunn's judgment, such documents were limited to those "that we believe you already have."  You stated that responsive documents that Gibson Dunn considers relevant fall into two categories: (1) communications between Gibson Dunn and Defendants; and (2) communications between Gibson Dunn and Davis Wright Tremaine ("DWT").

As we explained, the Subpoena seeks relevant information beyond communications between Gibson Dunn and Defendants or DWT.  As just one example provided to you on the same November 10, 2017 call, on the eve of Al Jazeera's broadcast of "The Dark Side," Charles Sly recorded a statement stating that "the statements on any recordings or communications that Al Jazeera plans to air are absolutely false and incorrect.  To be clear, I am recanting any such statements and there is no truth to any statement of mine that Al Jazeera plans to air."  Any documents relating to that "recantation" are relevant.  These include, without limitation, any documents or communications relating to any efforts by Gibson Dunn, the Mannings, Phenix Investigations, or anyone acting on their behalf to communicate, directly or indirectly, with Sly (Request Nos. 1, 10).  *See, e.g., Cofield v. City of LaGrange, Ga.*, 913 F. Supp. 608, 614 (D.D.C. 1996) (ordering production of non-privileged documents and finding Rule 45 "applies an 'exceedingly broad' standard of relevancy to a subpoena seeking material from a non-party") (citations omitted); *Albany Molec. Research, Inc. v. Schloemer*, 274 F.R.D. 22, 27 (D.D.C. 2011) (motion to quash non-party subpoena on relevance grounds denied; "relevancy at the discovery



Gibson, Dunn & Crutcher LLP
December 8, 2017
Page Two

stage is broadly defined").  Importantly, such documents are not already within the possession of the Defendants.

Based on our prior conversation of November 1, 2017 (in which Gibson Dunn represented that it would produce documents responsive to the Subpoena), our November 10, 2017 meet and confer, and the Responses, it is unclear to us what, if any, attempt Gibson Dunn has made to conduct a reasonable search for responsive documents.  Please explain in detail what steps, if any, have been taken to identify documents responsive to any of the Subpoena's Requests.  If Gibson Dunn is refusing to conduct any reasonable search in response to one or more of the Requests, please confirm that fact.

Additionally, we note that Gibson Dunn has objected to most of the Requests on grounds of privilege and/or confidentiality.  (*See* Responses to Request Nos. 3, 5-10.)  Each of the Requests specifically excludes documents and communications protected by the attorney-client privilege.  To the extent Gibson Dunn has withheld responsive documents based on a claim of privilege or other protection from disclosure, Defendants are entitled to a log identifying such documents and the basis of the claimed protection.  If Gibson Dunn intends to produce such a log, please let us know.

We request a meet and confer during the week of December 11, at which time we can seek a mutually acceptable path forward regarding the Subpoena.  Meanwhile, Defendants reserve all rights and waive none.

Very truly yours,

Rachel V. Stevens

cc:     Charles Scheeler
        Michael Hynes
        Andrew Deutsch