IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES<br><br>　　　　　　　　　Petitioners,<br><br>vs.<br><br>GIBSON, DUNN & CRUTCHER LLP<br><br>　　　　　　　　　Respondent. | Civil Action<br>No. 16-cv-13 (KBJ/RMM)<br>No. 16-cv-14 (KBJ/RMM) |

**GIBSON, DUNN & CRUTCHER LLP'S REPLY MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTIONS TO QUASH PETITIONERS' SUBPOENAS AND FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................3

    I.    AL JAZEERA'S REQUEST FOR DISCOVERY REGARDING ASHLEY MANNING'S PRIVATE MEDICAL INFORMATION SHOULD BE QUASHED. ........................................................................3

    II.   AL JAZEERA'S REQUEST FOR DISCOVERY CONCERNING CHARLIE SLY AND HIS RECANTATION SHOULD BE QUASHED..............8

    III.  THE COURT SHOULD GRANT THE MANNINGS' REQUEST FOR A PROTECTIVE ORDER BARRING FURTHER DISCOVERY CONCERNING THE MANNINGS AND SHOULD AWARD ATTORNEYS' FEES. .......................................................................................11

CONCLUSION.....................................................................................................................14

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Albany Molecular Research, Inc. v. Schloemer*,
   274 F.R.D. 22 (D.D.C. 2011) ......................................................................................................2

*Builders Ass'n of Greater Chicago v. City of Chicago*,
   No. 96 C 1122, 2002 WL 1008455 (N.D. Ill. May 13, 2002) ..................................................13

*In re Domestic Drywall Antitrust Litig.*,
   300 F.R.D. 234 (E.D. Pa. 2014) ..................................................................................................5

*Fears v. Wilhelmina Model Agency, Inc.*,
   No. 02 CIV. 4911 (HB), 2004 WL 719185 (S.D.N.Y. Apr. 1, 2004) .........................................5

F*ed. Trade Comm'n v. Boehringer Ingelheim Pharm., Inc.*,
   180 F. Supp. 3d 1 (D.D.C. 2016) ..............................................................................................11

*Freeman v. Seligson*,
   405 F.2d 1326 (D.C. Cir. 1968) ..................................................................................................4

*Gibson v. Milwaukee Cty.*,
   Civ. A. No. 12-CV-657, 2015 WL 12964665 (E.D. Wis. Mar. 26, 2015) .................................6

*Hicks v. Wegmans Food Mkt.*,
   Civ. A. No. 09-624 (JEI/AM), 2011 WL 499368 (D.N.J. Feb. 10, 2011) .................................6

*Kahl v. Bureau of Nat'l Affairs, Inc.*,
   856 F.3d 106 (D.C. Cir. 2017) ....................................................................................................9

*Maverick Entm't Grp., Inc. v. Does 1-2,115*,
   810 F. Supp. 2d 1 (D.D.C. 2011) ..............................................................................................12

*Rockstar Consortium US LP*,
   No. 14-91322-FDS, 2015 WL 5972422 (D. Mass. Oct. 14, 2015) ..........................................13

*Sterne Kessler Goldstein & Fox PLLC v. Eastman Kodak Co.*,
   276 F.R.D. 376 (D.D.C. 2011) ................................................................................................7, 8

*In re Subpoena Issued to Dennis Friedman*,
   350 F.3d 65 (2d Cir. 2003) ..........................................................................................................8

*In re Subpoena to Goldberg*,
   693 F. Supp. 2d 81 (D.D.C. 2010) ..............................................................................................1

*United States v. ISS Marine Servs., Inc.*,
   905 F. Supp. 2d 121 (D.D.C. 2012) .........................................................................................10

*Whitbeck v. Vital Signs, Inc.*,
    163 F.R.D. 398 (D.D.C. 1995)...................................................................................................7

*Zimmerman v. Al Jazeera Am., LLC*,
    246 F. Supp. 3d 257 (D.D.C. 2017).........................................................................................9

**Rules**

Fed. R. Civ. P. 26............................................................................................................................4, 12

# INTRODUCTION

The information Al Jazeera seeks through the non-party subpoenas is irrelevant to the underlying dispute. It is valuable to Al Jazeera only to deflect the Court's (and jury's) attention from its own fateful decision to broadcast unsupported claims about Zimmerman and Howard by creating a salacious public spectacle challenging the Mannings' credibility and character. But the heightened standard courts place on proponents of non-party discovery—particularly from *counsel* for non-parties—bars Al Jazeera from so baselessly seeking irrelevant evidence from non-parties to this dispute. *In re Subpoena to Goldberg*, 693 F. Supp. 2d 81, 88 (D.D.C. 2010). Not only are the materials they seek irrelevant, but Al Jazeera can obtain them from other, less burdensome primary sources, such as Al Jazeera's own counsel. Al Jazeera's grasping claims that the information is relevant and not sufficiently available to it elsewhere fall far short of justifying the substantial burdens the discovery places on the non-parties Mannings, as well as their counsel and agents. The Court should therefore quash Al Jazeera's requests for both categories of information it seeks.

*First*, Al Jazeera claims to need a deposition of McGill regarding the information he discussed with Davis Wright Tremaine relating to Ashley Manning's medical history. But, information concerning Ashley Manning's medical history does not bear at all on Zimmerman's or Howard's defamation claims, or on Al Jazeera's defense. Ashley Manning is a non-party, private citizen whose medical history is not probative of any material fact relevant to the underlying litigation.

Moreover, Al Jazeera's theory of relevance—that McGill's confirmation of any of Sly's allegations concerning Ashley Manning somehow bolstered the credibility of Sly's other statements that he supplied plaintiffs with Delta-2—is attenuated beyond credibility. But even if the confirmation of an allegation about Ashley Manning actually formed the basis for Al

Jazeera's supposed belief that Sly's other statements were credible, the only evidence that is even arguably relevant to Al Jazeera's state of mind is what Davis Wright Tremaine communicated to Al Jazeera before the broadcast. Only Davis Wright Tremaine (or Al Jazeera itself) can supply any evidence of those communications; neither Gibson Dunn nor McGill can provide *any* information whatsoever about what the Al Jazeera editorial staff knew at the time from Davis Wright Tremaine.

Further, the Corn-Revere declaration demonstrates beyond dispute that Al Jazeera already has this information at its disposal. Any discovery from Gibson Dunn would be duplicative at best, and the burdens imposed by disseminating Ashley Manning's private medical information and requiring McGill to testify about his own client's confidential information far outweigh any potential benefit from that cumulative testimony.

*Second*, Al Jazeera claims to need information relating to Sly and his recantation, but any information that was not already known to Al Jazeera at the time of the broadcast is categorically irrelevant to its claim that it did not act with actual malice. Recognizing that, Al Jazeera instead contends it would be relevant to a finding of actual truth, but nothing relating to the Mannings could prove the truth or falsity of Al Jazeera's allegations against Zimmerman and Howard. And even if this information were relevant, Al Jazeera is not entitled to information protected from disclosure by the attorney work product doctrine. Therefore, neither category of information sought by Al Jazeera is "reasonably calculated to lead to the discovery of admissible evidence," *Albany Molecular Research, Inc. v. Schloemer*, 274 F.R.D. 22, 27 (D.D.C. 2011) (quotation marks and citation omitted), and the subpoenas should be quashed in their entirety.

In addition, the Court should enter a protective order barring any additional discovery from the Mannings in the underlying litigation to guard against Al Jazeera's further abuse of the

subpoena process, and award reasonable attorneys' fees and costs for the expenses incurred to date in defending against Al Jazeera's multiple improper and duplicative subpoenas.

## ARGUMENT

### I.  AL JAZEERA'S REQUEST FOR DISCOVERY REGARDING ASHLEY MANNING'S PRIVATE MEDICAL INFORMATION SHOULD BE QUASHED.

Ashley Manning is a stranger to this litigation, and her medical history has no bearing on either party's claims or defenses. The Court should therefore reject Al Jazeera's attempts to forcibly inject her into the underlying suit by seeking discovery that will publicly disclose her medical diagnoses and prescriptions, and make a spectacle of her private medical treatment. Al Jazeera argues that it is entitled to discovery about her medical treatments, and McGill's understanding of them, because that information could justify Al Jazeera's decision to credit unrelated (but nevertheless recanted) statements made by Sly. *See* Pet'rs' Reply, ECF Dkt. No. 91, at 7-8. Not so—any information relating to Ashley Manning's medical information is categorically irrelevant to whether Al Jazeera defamed the plaintiffs .

As an initial matter, the sum and substance of McGill's communications with Davis Wright Tremaine were that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exhibits C, D & E to the Declaration of Rachel M. Stevens, ECF Dkt. No. 84-5, 84-6, 84-7. Far from providing Al Jazeera with a reasonable basis to credit Sly's representations, McGill's confirmation that it was Ashley—and not Peyton Manning—who received *and used* ▮▮▮▮▮▮ undermines nearly *everything* Sly said about Peyton Manning. The notion that McGill's statements to Davis Wright Tremaine regarding Ashley Manning could nevertheless justify Al Jazeera's decision to broadcast Sly's allegations against Zimmerman and Howard is fanciful at best.

3

Moreover, even if Al Jazeera's theory of relevance could be believed, that theory turns entirely on information communicated by Davis Wright Tremaine to the Al Jazeera editorial staff. The only information that possibly could be relevant to an analysis of Al Jazeera's actual malice defense is the information that Al Jazeera's editorial staff possessed at the time it elected to broadcast The Dark Side. But McGill did not communicate with Al Jazeera's editorial staff before or after the broadcast; only Davis Wright Tremaine did. And Al Jazeera makes no effort to rebut this fact or address this point in its brief.

Furthermore, even if the information that McGill provided to Davis Wright Tremaine was relevant, it is exceedingly clear that Al Jazeera already has that information at the ready. That information is detailed in the Corn-Revere Declaration, ECF Dkt. No 91-1, as well as in Davis Wright Tremaine's internal email summaries of the firm's conversations with McGill. *See* Exhibits C, D & E to the Declaration of Rachel M. Stevens, ECF Dkt. No. 84-5, 84-6, 84-7. The Corn-Revere Declaration and Davis Wright Tremaine's business records are undoubtedly the best evidence of the information relayed to Al Jazeera's editorial staff before it made its decision to proceed, and Al Jazeera cannot attempt to bolster that ill-advised decision now through post hoc discovery of confidential information it never received about a non-party to this suit. Al Jazeera already possesses the only information that could be relevant to what it knew it at the time, and cannot under the Federal Rules seek other, irrelevant evidence from McGill simply because it prefers to. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (parties must first seek discovery from any "other source that is more convenient, less burdensome, or less expensive"); *Freeman v. Seligson*, 405 F.2d 1326, 1335 (D.C. Cir. 1968).

Al Jazeera's argument that testimony from McGill could augment incomplete information from Davis Wright Tremaine is specious because it has not identified any

4

incomplete information.  *See* Pet'rs' Reply, at 8-9.  The only "complete" information is what Corn-Revere provided to his client, Al Jazeera; McGill has no information about what Corn-Revere told (or did not tell) Al Jazeera, when, or why.  Al Jazeera's argument that Corn-Revere may be unavailable to testify is similarly unavailing because Al Jazeera provides no basis for this unfounded suggestion, and in any event, Al Jazeera could simply take a trial preservation deposition.  *Id.* at 8.  The unfounded suggestion that Corn-Revere—Al Jazeera's own lawyer, whose office is mere blocks from this Court's courthouse—might be "unavailable" for trial does not justify onerous, invasive third-party discovery of a non-party's attorney.

Al Jazeera shrugs off the burden its subpoenas for documents and testimony will place on the Mannings and their counsel by arguing that "[Gibson Dunn] has not even attempted to make a factual showing that compliance with the subpoenas would be burdensome," Pet'rs' Reply, at 9, and that "[Gibson Dunn's] compliance with the subpoenas would not be burdensome in the least." *Id.* at 10.  But Al Jazeera cannot deny—and does not dispute—that it already has in its possession all of the documents reflecting communications between McGill and Davis Wright Tremaine that it demands by subpoena.  In these circumstances, any value to the duplicative materials being sought is eclipsed when weighed "against the burden of production on the non party." *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 CIV. 4911 (HB)(HBP), 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004).  Moreover, because the duplicative requests seek sensitive information, it is clear that "the potential harm caused by production outweighs [any] benefit." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) (quotation marks and citation omitted).

Here, the harms of Al Jazeera's subpoenas far outweigh any exceedingly limited benefit of compelled production of documents and testimony reflecting information that Al Jazeera

already has.  The burdens on the Mannings' privacy and personal interests are acute.  Without her authorization, Ashley Manning's private medical information will be disclosed, and she will be unwillingly made a subject of very public proceedings, despite her non-public status.  *See* Gibson Dunn Cross-Motions, ECF Dkt. No 89-1, at 19 (explaining the burden on Ashley Manning created by disclosing her private medical information); *id.* at 12 (collecting cases recognizing the burden inherent in forcing a non-party to take part in public proceedings).

Indeed, Al Jazeera's opposition brief makes clear that Al Jazeera seeks to depose McGill and obtain documents relating to his communications with Davis Wright Tremaine because it is committed to orchestrating a mini-trial of whether Ashley Manning was ever properly prescribed or used       *See, e.g.*, Pet'rs' Reply, at 7                                            ; *id.* at 2 n. 4 ("HGH is a drug tightly regulated by federal law, and it is a felony to prescribe it or possess it for adult use except for a few rare conditions."); *see also* Exhibit 17 to the Declaration of Edward C. Patterson, ECF Dkt. No. 89-20, at 1 ("The explanation of why Ms. Manning obtained (and presumably used) these highly restricted and regulated drugs for so long did not comport with any regulatory approved condition permitting the lawful prescribing of hGH.").  But Ashley Manning's medical history is fundamentally private information, and the Court should not countenance that level of intentional assault on a private non-party.  *See, e.g.*, *Gibson v. Milwaukee Cty.*, Civ. A. No. 12-CV-657, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015) ("It is clear that non-party coworkers have a privacy interest in avoiding disclosure of their medical information."); *Hicks v. Wegmans Food Mkt.*, Civ. A. No. 09-624 (JEI/AM), 2011

6

WL 499368, at *1 n. 2 (D.N.J. Feb. 10, 2011) (noting the "legitimate interest in maintaining the confidentiality" of a non-party's medical history "in order to protect the non-party's privacy").[1]

The inappropriateness of Al Jazeera's subpoenas is yet further amplified by the burdens it unavoidably will place on Gibson Dunn's representation of its clients, the Mannings. Not only will Gibson Dunn face the practical and costly burden of reviewing and redacting numerous communications protected by the attorney-client privilege or work product doctrine, but it also will face the pronounced burden of the strain on legal counsel when an attorney must testify about his client. *See* Gibson Dunn Cross-Motions, ECF Dkt. No 89-1, at 20, 24. Indeed, Al Jazeera's demand to depose McGill raises concerns that are identical to those that led the court to reject a request for a non-party attorney deposition in *Sterne Kessler Goldstein & Fox PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376 (D.D.C. 2011) ("*Sterne*").

In *Sterne*, Eastman Kodak Company sued Apple, Inc. for patent infringement and sought to depose Apple's former counsel. The court concluded that deposing Apple's former counsel

---

[1] Al Jazeera argues that Ashley Manning has waived any confidentiality over her medical information, Pet'rs' Reply, at 11, but that is incorrect. The detailed information about Ashley Manning's medical treatments—including her condition and the medication prescribed for it—that Al Jazeera seeks to have McGill testify about has never been disclosed to the public. *See* Exhibits F & R to the Declaration of Rachel M. Stevens, ECF Dkt. No. 84-8 & 84-20.

Al Jazeera cites *Whitbeck v. Vital Signs, Inc.*, 163 F.R.D. 398, 400 (D.D.C. 1995) for the proposition that even a *partial* disclosure of the Mannings' medical information waives their privacy interests, Pet'rs' Reply, at 11, but that case is inapposite. The plaintiff in *Whitbeck* sued her employer, provided some of her medical records during discovery in support of her claim, and asserted a claim of medical privilege regarding additional records that she did not wish to disclose. The court concluded that "[b]y providing the favorable portions of her records, she is deemed to have waived her medical privilege." *Whitbeck*, 163 F.R.D. at 400. The principle that courts frown upon the "partial release and selective production of medical records," *id.*, has no application here, because the Mannings *did not* place their medical history at issue prior to Al Jazeera's broadcast, or in the media reports that followed in its immediate aftermath.

was "inappropriate" because "concerns . . . regarding the risks to and burdens on the attorney-client privilege and work-product doctrine are implicated . . . *even when the proposed deponent is not currently opposing trial counsel*." *Id.* at 380 (emphasis added). The court also noted that allowing attorney depositions "may disrupt the effective operation of the adversarial system by chilling the free and truthful exchange of information between attorneys and their clients," *id.* at 380-381, and required instead that the plaintiff find the information elsewhere because there were "other more appropriate sources for [the] information rather than deposition of the [attorney]," *id.* at 385; *see also id.* ("Clearly a deposition of the petitioner would require diligent efforts to avoid disclosure of attorney-client communications and protected work-product material, a painstaking process that poses risks that other sources of discovery do not.").

As in *Sterne*, any conceivable benefit to a deposition of McGill is far outweighed by "'the risk of encountering privilege and work-product issues,'" *Sterne*, 276 F.R.D. at 385, 382 (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003)), and any arguably relevant components of information Al Jazeera would seek from McGill are already available through "other more appropriate sources"—and in a form far more relevant to the claims at issue—from Al Jazeera's own counsel at Davis Wright Tremaine and the Corn-Revere Declaration. For these reasons, the subpoenas seeking a deposition of McGill and related documents on the topic of his communications with Davis Wright Tremaine regarding Ashley Manning's private medical information should be quashed.

## II. AL JAZEERA'S REQUEST FOR DISCOVERY CONCERNING CHARLIE SLY AND HIS RECANTATION SHOULD BE QUASHED.

Al Jazeera's subpoenas seeking documents and testimony relating to Sly should also be quashed. In yet another post hoc attempt to justify its decision to disregard Sly's recantation, Al Jazeera is seeking documents from Manning's legal counsel relating to the recantation, in hopes

of validating a conspiracy theory that it was "coerced" by Gibson Dunn or the Mannings. Pet'rs' Reply, at 16. Al Jazeera cannot subject non-parties to the burdens of discovery to indulge in a sheer fishing expedition. If Al Jazeera is interested in the truth of Charlie Sly's statements concerning plaintiffs, and his recantation, it should seek testimony from Sly himself. Regardless of the source of this discovery, however, any information that Al Jazeera could obtain today would be irrelevant. Al Jazeera could only have based its belief in Sly's credibility on the information that was available to it *at the time*, as "[t]he actual malice inquiry focuses on the defendant's state of mind at the time of publication." *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 118 (D.C. Cir. 2017), *cert. denied sub nom. Von Kahl v. Bureau of Nat. Affairs, Inc.*, 138 S. Ct. 366 (2017). Al Jazeera cannot now boundlessly pursue information that it did not have access to "at the time of publication," particularly if Al Jazeera "fail[ed] to investigate" Sly's recantation "prior to publication"—a shortcoming actually "probative of actual malice." *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 283 (D.D.C. 2017).

Recognizing this, Al Jazeera makes the remarkable claim that discovery related to the recantation video might somehow bolster its defense that statements Sly made about Zimmerman and Howard were actually true, Pet'rs' Reply, at 15-16, but that is nonsense. Even if one entertained Al Jazeera's concocted theory that Gibson Dunn or the Manning's legal team compelled the recantation of Sly's boastful claims, that does nothing to establish whether Sly did in fact provide Delta-2 to Zimmerman or Howard.[2] Accordingly, the information sought by Al

---

[2] Al Jazeera implies that if the recantation was coerced, Sly was telling the truth when he said that he provided several professional athletes, including Manning, with performance-enhancing substances. This implication is false: in 2016, the NFL conducted its own investigation which fully cleared Manning of any misconduct related to allegations of improper use of HGH or other illegal substances. *See N.F.L. Clears Peyton Manning of*

9

Jazeera regarding the Manning legal team's interactions with Sly are irrelevant to any defense, because it cannot disprove that Al Jazeera acted with actual malice at the time, and it cannot establish the truth of *any* statements Al Jazeera broadcast about Zimmerman and Howard.

In any event, much of the information Al Jazeera seeks regarding Sly is plainly privileged. Al Jazeera argues that the work product doctrine does not apply to Gibson Dunn's communications with its investigators because "[Gibson Dunn] did not retain Phenix to assist it in litigation; instead, Phenix was retained to intimidate Sly," Pet'rs' Reply, at 17. That *ipse dixit* is absolutely false. After it became clear that Al Jazeera was interested in broadcasting a documentary that contained baseless and inflammatory claims, the Mannings took the legitimate step of retaining counsel to develop a legal strategy. Necessarily, one element of that strategy involved conducting an investigation to better understand the nature and source of claims against the Mannings. Gibson Dunn commissioned and directed the investigation conducted by Phenix in order to prepare the Mannings' legal response, and potentially engage in litigation against Al Jazeera—a step that was contemplated by Al Jazeera's own counsel. *See* Exhibit C to the Declaration of Rachel M. Stevens, ECF. Dkt. No. 84-5 ("[I]t's clear there would be litigation brought against Al Jazeera by serious people"). As a result, documents and materials relating to the investigation conducted by Phenix at Gibson Dunn's direction are squarely protected under the attorney work product doctrine. *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 134 (D.D.C. 2012) ("work product created by non-attorneys can also be protected if it is so intertwined with the legal analysis as to warrant protection") (quotation marks and citation

---

*Doping Accusations*, The New York Times (July 25, 2016), *available at* https://www.nytimes.com/2016/07/26/sports/football/peyton-manning-nfl.html?_r=1.

omitted); *see also Fed. Trade Comm'n v. Boehringer Ingelheim Pharm., Inc.*, 180 F. Supp. 3d 1, 18 (D.D.C. 2016) (the "[w]ork product protection is . . . not restricted solely to confidential attorney-client communications" and includes all "work performed in anticipation of litigation"). The subpoenas relating to Gibson Dunn and Phenix's investigation into Sly should be quashed.

### III. THE COURT SHOULD GRANT THE MANNINGS' REQUEST FOR A PROTECTIVE ORDER BARRING FURTHER DISCOVERY CONCERNING THE MANNINGS AND SHOULD AWARD ATTORNEYS' FEES.

Setting aside the two categories of discovery described above—to which Al Jazeera is not entitled—Al Jazeera makes no attempt to defend any of the other remaining overbroad categories of documents it sought in the Gibson Dunn Subpoena. Exhibit 3 to the Declaration of Edward C. Patterson: Subpoena dated September 28, 2017, ECF Dkt. No. 89-6, at 12-13. Absent any justification for all of Al Jazeera's outstanding written discovery requests, the Court should grant Gibson Dunn's motion to quash the Gibson Dunn Subpoena.

Despite implicitly conceding that it was not entitled to the information it originally sought in the Subpoena by abandoning those requests, Al Jazeera argues that "[t]he sheer number of meritless arguments advanced by [Gibson Dunn] proves only one thing: [Gibson Dunn] possesses relevant information and it does not want Al Jazeera to discover it." Pet'rs' Reply, at 18. But far from seeking to frustrate Al Jazeera's discovery, Gibson Dunn repeatedly offered to accommodate it for the sake of peace for its clients. In exchange for ceasing all further discovery against the Mannings and their representatives, Gibson Dunn offered to produce all non-privileged documents relating to Sly, a deposition by written question regarding Phenix's interactions with Sly, and to submit a sealed stipulation setting forth the undisputed facts surrounding the conversations between McGill and Davis Wright Tremaine. Al Jazeera never responded to this offer of compromise; instead, it served additional subpoenas and moved

11

forward with this litigation. It even threatened to seek additional non-party discovery about Ashley Manning from her treating physician at the Guyer Institute.

Al Jazeera does not have a good faith basis for so doggedly pursuing irrelevant and confidential information from the Mannings or their legal counsel. As a result, the Mannings should be granted a protective order barring any further discovery about them or from them or their representatives. *See* Fed. R. Civ. P. 26(c)(1) (a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *Maverick Entm't Grp., Inc. v. Does 1-2,115*, 810 F. Supp. 2d 1, 10 (D.D.C. 2011) (holding a protective order "may . . . 'limit[ ] the scope of . . . discovery to certain matters'") (alteration in original). Although Al Jazeera claims the protective order entered in the underlying litigation is sufficient to protect any non-party's privacy interest, that order does not preclude Al Jazeera from engaging in future abuses of the discovery process.

And Al Jazeera will continue with its recklessness unless deterred: Al Jazeera has elected to subpoena the Mannings' entire legal team by serving nearly identical requests upon each of them with no regard for the cumulative duplication and expense. Throughout this dispute, Al Jazeera has continued to make baseless and unnecessary insinuations about the Mannings that compromise their privacy and integrity. And, when presented with a good faith offer of compromise, including discovery responsive to Al Jazeera's requests, Al Jazeera unilaterally decided that negotiations were at an impasse and proceeded to motions practice. This Court should restrain such improper conduct by entering a protective order expressly barring Al Jazeera from seeking any discovery from the Mannings or their representatives, or about Ashley Manning's medical condition and treatment, in connection with this litigation.

Furthermore, given that there is no basis for the requested discovery—and Gibson Dunn proposed a compromise to which Al Jazeera has never responded—Gibson Dunn should be awarded reasonable attorneys' fees and costs.  Awarding fees is appropriate, where, as here a non-party demonstrates that the discovery sought is irrelevant and "meet[s] its burden of showing a subpoena imposes an undue burden." *Rockstar Consortium US LP*, No. 14-91322-FDS, 2015 WL 5972422, at *5 (D. Mass. Oct. 14, 2015) (holding "[t]he court for the district where compliance is required *must . . .* impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees") (emphasis and ellipses in original; quotation marks and citation omitted).  And when "a subpoena should not have been issued," "literally everything done in response to it constitutes undue burden or expense." *Builders Ass'n of Greater Chicago v. City of Chicago*, No. 96 C 1122, 2002 WL 1008455, at *4 (N.D. Ill. May 13, 2002) (quotation marks and citation omitted).  "[I]t is similarly 'undue' to have to contend with a motion to compel compliance with an illegitimate subpoena," *id.* (citation omitted), and an award of fees is particularly appropriate if the serving party fails to take "reasonable steps to avoid imposing undue burden and expense on . . . subpoena recipients," (*id.* at *5) including by failing to limit the scope of unreasonably broad subpoenas, or refusing to reach a compromise to reduce the burden on opposing parties.  Here, Al Jazeera has abused the discovery process in order to create an unnecessary and distracting sideshow.  Its abusive tactics and behavior should not be tolerated, and the Court should award Gibson Dunn reasonable costs and fees incurred in its defense.

## **CONCLUSION**

Gibson Dunn respectfully requests that the Court grant Respondents' Motion to Quash Petitioners' Subpoenas and for Protective Order and award reasonable attorneys' fees and costs.

Dated:  April 9, 2018

        Respectfully submitted,

        /s/  *Matthew D. McGill*

        Matthew D. McGill (D.C. Bar # 481430)
        Chantale Fiebig (D.C. Bar # 487671)
        Edward C. Patterson (D.C. Bar # 1023902)
        GIBSON, DUNN & CRUTCHER LLP
        1050 Connecticut Avenue NW
        Washington, D.C. 20036
        (202) 887-3680

        *Attorneys for Non-Party*
        *Gibson, Dunn & Crutcher LLP*